JOHN GLENN, Trustee, v. M. M. ORR.

*Corporation—Evidence.*

1. Before the records and books of a corporation can be received in evidence for any purpose, it must be admitted or proved, that the entries were made by an authorized servant or agent of the corporation.

2. The records and books of a corporation are at the least *prima facie* evidence of the organization and existence of the corporation.

3. Where the stock-book of a corporation contained a list of the stockholders, the number of shares of stock owned by each, the sum of money paid by each, and the balance due, such book is evidence against a stockholder in an action to recover the unpaid balance of his subscription, to show that he was a stockholder, and the condition of his stock account, but such evidence may be rebutted.

(*Turnpike Co.* v. *McCarson*, 1 Dev. & Bat., 306; cited and approved).

CIVIL ACTION, tried before *Avery, Judge,* and a jury, at Spring Term, 1886, of MECKLENBURG Superior Court.

The action was instituted to recover of the defendant the unpaid balance due from him for subscription to the capital stock of The National Express and Transportation Company, an insolvent corporation, of which the plaintiff had been appointed the trustee and receiver.

It became material on the trial, to prove the organization of the National Express and Transportation Company, and the appellant offered in evidence for this and other purposes, the records, books and minutes of that company, embracing what purported to be the proceedings in the organization of it, under and in pursuance of its charter. The appellee objecting, the Court held that these records were not evidence for such purpose, and the appellant assigns this ruling as error.

It likewise became material to prove, that the appellee was a subscriber for ten shares of the capital stock of the

company named, charged and credited to his account as a
stockholder thereof. and the appellant offered in evidence
for this purpose, the same records, which purported to show
that the appellee did subscribe, and was a subscriber for the
number of shares of stock mentioned; that he had paid $50
on account of the same, and the balance of the money due
therefor had not been paid, and that he was a stockholder of
the company.   The appellee objecting, the Court declined to
allow the records so offered to be put in evidence for such
purpose, and the appellant assigns the rejection of the records
as error.

In view of the adverse rulings, the appellant suffered a
judgment of nonsuit, and appealed to this Court.

*Messrs. Armistead Jones* and *W. W. Flemming,* for the plain-
tiff.

*Mr. W. P. Bynum,* for the defendant.

MERRIMON. J., (after stating the facts).   It was admitted
on the trial, that the books and records offered in evidence,
were those of the National Express and Transportation
Company, and it must be taken from such admission, as
there is no suggestion to the contrary, that the proceedings
entered in them, and the orders and statements therein
made, are regular, and made by the proper clerk, secretary
or agent of the company, or some person authorized to make
them.   It must so appear, before such records and books can
be received as evidence for any purpose.

The records and books thus identified, were evidence—
certainly *prima facie* evidence—of the organization and ex-
istence of the company.   They purport to set forth the pro-
ceedings of the organization, a list of the names of the
stockholders the number of shares of stock owned by each,
when he subscribed for the same, the sum of money paid by
each for his stock, and the sums due therefor remaining un-
paid, and an account of its business transactions.

In *Turnpike Company* v. *McCarson,* 1 D. & B., 306, Chief
Justice RUFFIN said: "The case does not state the contents
of the subscription and corporation books that were pro-
duced, and therefore we cannot say positively of what they
were evidence. We suppose them to be entries of such acts
as the charter prescribed, as no deviation is specified. If so,
those documents when identified, were not only evidence,
but complete evidence of the organization and existence of
the corporation." The rule is so stated in Ang & Ames
on Corp., §§513, 514, 679; and so also, *Turnpike Co.* v.
*McKeon,* 10 Johns., 154; *Gray* v. *Turnpike Co.,* 4 Rand (Va.)
R., 578; *Owings* v. *Speed,* 5 Wheat., 420.

The books of the corporation offered in evidence, inclu-
ding the stock-book purported to contain, as we have seen,
a list of all its stockholders; the number of shares of stock
owned by each; the sum of money paid, and the balance
still due from each on account of his stock, and the name of
the appellee appears as a stockholder, and his account is
stated, showing a balance due from him for his stock.

These books were competent evidence to prove that the
appellee was a stockholder, and the state of his account as
such, in respect to his stock. It was so decided in the simi-
lar case of *Turnbull* v. *Payson,* 95 U. S., 418, in which the
Court say : "Where the name of an individual appears as a
stockholder, the *prima facie* presumption is, that he is the
owner of the stock; in a case where there is nothing to rebut
the presumption; and, in an action against him as a stock-
holder, the burden of proving that he is not a stockholder,
or of rebutting that presumption, is cast upon the defendant."
See also *Hamilton, &c., Plankroad Co.,* v. *Rice,* 7 Barb., 157;
*Coffin* v. *Collins,* 17 Me., 440; *Whitman* v. *The Granite Church,*
24 Me., 236; *Wood* v. *Railroad Co.,* 32 Ga., 273; *Hoogland* v.
*Bell,* 36 Barb., 57; Morawetz on Pr. Corp., §270.

The rule of evidence underlying this and similar deci-
sions, seems to be founded in convenience, and to rest upon

the further ground, that corporations in this country are the creatures of statute, with prescribed rights and powers, subject to an important extent, to public control and supervision, and are therefore presumed to exercise their powers as allowed and required by law, and to keep their records properly and truly. Such presumption may, of course, be rebutted, by any competent evidence. This rule might in possible cases work injury to a party, but this is not probable, and though objected to on this ground, it has the less weight, as generally every litigant has the right to testify in his own behalf. *Turnpike* v. *McKeon, supra ; Owings* v. *Speed, supra.*

There is error, and the appellant is entitled to have a new trial.

To that end, let this opinion be certified to the Superior Court according to law. It is so ordered.

Error.                                                    Reversed.