HORACE J. ALLEN, Appellant, *v.* GEORGE C. CLARK, Respondent.

A judgment for costs, recovered against a manufacturing corporation in an action for trespass brought by it, is a debt of the corporation within the meaning of the provision of the General Manufacturing Act (§ 12, Chap. 40, Laws of 1848, as amended by Chap. 510, Laws of 1875), making the trustees of such a corporation liable for its debts in case of failure to file an annual report.

*It seems* that in an action against a trustee to recover such a debt it is open for him to show that the recovery was either collusive or fraudulent: the judgment is, however, *prima facie,* evidence of the existence of the debt.

*Allen* v. *Clark* (43 Hun, 377) reversed.

*Miller* v. *White* (50 N. Y. 137) distinguished.

(Argued January 17, 1888; decided January 24, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made March 8, 1887, which affirmed a judgment entered upon an order overruling a demurrer interposed by plaintiff to a defense set up in the answer herein. (Reported below, 43 Hun, 377.)

This action was brought against defendant, as trustee of a manufacturing corporation, to recover an alleged indebtedness of the corporation because of failure to file its annual report.

The complaint alleges that the Clifton Mining Company is
.and ever since the month of January, 1872, has been a manu-
facturing corporation duly organized under and pursuant to
the general manufacturing act of this state passed in 1848, and
the several acts amendatory thereof; that on the 21st of
September, 1885, that company became indebted to Isaac
Starbuck and others, in the sum of $704.37 being the amount
of a judgment duly rendered on that day in favor of them
.against the company in an action in the Supreme Court of
this state, in which action the company was plaintiff and they
were defendants; that the action was instituted in March, 1884,
by the company against them, to recover damages for the
wrongful taking and carrying away by them of certain logs
from the land of the company and the conversion of the
.same in 1880, 1881, 1882 and 1883, and the months of
January and February, 1884; that they appeared in the
.action and interposed a defense therein, and such proceedings
were afterward had that judgment was rendered therein in
their favor against the company for the sum of $704.37 on
the 21st day of September, 1885, and the judgment-roll was
filed and the judgment docketed in the county of St. Lawrence
·on that day; that the judgment remains wholly unpaid and
unsatisfied; that the judgment so recovered was subsequently
.assigned by Starbuck and others to this plaintiff, who there-
upon became and now is the holder and owner of the same;
that defendant has been one of the trustees of the company
ever since its organization and is yet such trustee; that the
company did not within twenty days from the first day of
.January in either of the years 1883, 1884, 1885 and 1886,
make, publish or file a report as required by section 12 of the
general manufacturing act as amended by chapter 510 of the
Laws of 1875, nor has the company since the first day of
.January, 1886, published or filed any report whatever; that
the company contracted the debt which has been assigned to
the plaintiff during the time the company was in default for
not making and filing a report as required by the statute; that
by reason of the premises the defendant became and is liable

to pay to the plaintiff the sum of $704.37 and interest thereon from September 21, 1885. The defendant in his answer made several denials of matters set up in the complaint, and as a third defense alleged as follows : "And for a third and further defense to the cause of action set forth in the complaint : The defendant alleges upon his information and belief that the judgment alleged in the complaint to have been recovered against said Clifton Mining Company by said Isaac Starbuck, John McCarty and John P. Matteson, was recovered for the costs and disbursements of said Starbuck, McCarty & Matteson as defendants in said action and not otherwise, and that said action was brought for the cause of action set forth in the complaint."

The plaintiff demurred to this third defense on the ground that it "is insufficient in law upon the face thereof to constitute a defense to the plaintiff's amended complaint."

*E. H. Neary* for appellant. A judgment is a debt as ordinarily understood. (*Andrews* v. *Murray*, 9 Abb. Pr. [N. S.], 13, 14 ; *Ex parte Smith*, 5 Cow. 276 ; *McDougal* v. *Richardson*, 3 Hill, 558 ; *Taylor* v. *Root*, 4 Keyes, 335 : *Lewis* v. *Armstrong*, 8 Abb. [N. C.], 385.) The corporation committed no wrong or tort in bringing the action for the alleged conversion of its property and the judgment is not founded on tort. (2 R. S. [7th ed.], 1530, § 1, subd. 2 ; *Fischer* v. *Langbein*, 103 N. Y. 84.) The defendants (Starbuck and others) were entitled to costs as a matter of right, and not of favor. (Code Civ. Pro., § 3229 ; *Sturgis* v. *Spofford*, 58 N. Y. 103.) The cause of action is merged in the judgment; hence, though it be held that the corporation was liable for a tort in instituting the suit, the judgment is a debt such as is referred to in section 12 of chapter 40, Laws of 1848. (*Dubois* v. *Dubois*, 6 Cow. 494 ; *Taylor* v. *Root*, 4 Keyes, 335, *supra*; *Blake* v. *Griswold*, 6 Cent. Rep. 771.) The judgment being an "existing debt" that should be stated in the annual report the defendant, as trustee, is liable for the failure of the company to make such a report in January following the

rendition of the judgment. (*Long* v. *Mayor, etc.*, 81 N. Y. 425, 427; *Whitney Arms Co.* v. *Barlow*, 63 id. 62, 73; *Jones* v. *Barlow*, 62 id. 202; *Morehead* v. *Metropolitan Nat. B'k*, 5 Cent. Rep. 98; *Furey* v. *Town of Gravesend*, 103 N. Y. 405; *Rorke* v. *Thomas*, 56 id. 559, 564; Potter's Dwarris on St. and Con., 47; *Carver* v. *Braintree, Mfg. Co.*, 2 Story, 448.)

*Louis Hasbrouck* for respondent. A trustee of a corporation formed under the act of 1848, cannot be made liable for a judgment for costs rendered against such corporation as a plaintiff in an action for *tort*, if such corporation fails to make an annual report. (*Whitney Arms Co.* v. *Barlow*, 68 N. Y. 34, 37; *S. C.*, 63 id, 62; *Miller* v. *White*, 50 id. 139; *Bonnell* v. *Griswold*, 80 id. 135; *Kirkland* v. *Kille*, 99 id. 390; *Stokes* v. *Stickney*, 96 id. 326; *Clapp* v. *Wright*, 21 Hun, 240.) Trustees of mining corporations can be made liable only for debts of their companies founded on contract (*Esmund* v. *Bullard*, 16 Hun, 65, 68; affirmed *sub nomine Losee* v. *Bullard*, 79 N. Y. 404; 34 Hun, 278; *Adams* v. *Milles*, 60 id. 533; *Rorke* v. *Thomas*, 56 id. 560.) The liability of the trustees is not upon the judgment against the corporation refusing to treat that as the debt, but upon the original undertaking or contract, and upon that alone. (*Miller* v. *White*, 50 N. Y. 137; *Whitney Arms Co.* v. *Barlow*, 63 id. 62, 72; *Esmund* v. *Bullard*, 16 Hun, 65; *Craft* v. *Coykendall*, 34 id. 285; *Stephens* v. *Fox*, 83 N. Y. 313, 317; *Rorke* v. *Thomas*, 56 id. 559, 565.) The liability of the trustees in such a case as this is subject to the same conditions and qualifications that attach to the original indebtedness, and whatever will defeat or abate an action against the corporation, will be a defense to the trustees. They are only held liable to an action for debts actually due and for which a present right of action exists against the corporation. (*Jones* v. *Barlow*, 62 N. Y. 202; *Whitney Arms Co.* v. *Barlow*, 63 id. 62, 73; Code of Civ. Pro., § 1913; *People* v. *Booth*, 32 N. Y. 397.)

EARL, J. The sole question for our determination is whether the judgment for costs in favor of Starbuck, McCarty

& Matteson, in the action brought against them by the ·company for a tort, is a debt which can be enforced against the defendant as a trustee of the company, by reason of its failure to make, publish and file the report required by section 12 of the general manufacturing act of 1848, as amended by chapter 510 of the laws of 1875. That section provides that every such company "shall, within twenty days from the first day of January in each year * * * make a report * * * which shall state the amount of capital, and of the proportion actually paid in, and the amount of its existing debts * * * and if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for the debts of the company then existing, and for all that shall be contracted before such report shall be made," etc. This judgment clearly was one of the debts which the company was bound to include among its "existing debts" in the report which it was required to make, file and publish within twenty days after the 1st day of January, 1886. The section requires the report to state the amount of all of its existing debts of every nature, and it is the clear meaning of the section that if such report be not made the trustees shall be personally liable for all debts which the company was thus bound to report. It may be inferred that it was the purpose of the law-makers to require this report to be made, published and filed for the information, benefit and protection of existing creditors of the company not only, but of all persons who might thereafter enter into contract relations with it. It may also have been the purpose of the law-makers to require the report from every manufacturing corporation as a check upon extravagance and mismanagement of its affairs by its trustees, by constantly keeping before them the reminder that at least once a year the affairs of the company are to be exposed to the public view. It may also be supposed that these reports were required, so that information might be readily obtained by assessors for the purpose of taxation, and by other public officials who might have occasion to supervise the conduct of the corpora-

tion, or to proceed against it for any purpose whatever; and, therefore, to make sure of the accomplishment of these important purposes, the trustees are made personally liable for all the debts of the company in case of the failure of the company, within the time specified, to make the report.

We think other sections of this statute throw some light upon the construction of section 12. In section 13 it is provided that " if the trustees of any such company shall declare and pay any dividend when the company is insolvent, or any dividend the payment of which would render it insolvent, or which would diminish the amount of its capital stock, they shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be thereafter contracted, while they shall respectively continue in office." There the same sweeping language is used " all the debts of the company then existing," and that would include such a debt as the plaintiff is seeking to enforce in this case. Section 23 of the same act provides that " if the indebtedness of any such company shall at any time exceed the amount of its capital stock, the trustees of such company assenting thereto shall be personally and individually liable, for such excess to the creditors of such company." The word "indebtedness" in this section clearly includes, not only every debt voluntarily contracted by the company, but every debt of every nature however contracted or arising.

This judgment for costs was in every sense a debt of the company which it was under precisely the same obligation to pay as any other debt. It is true it was not a debt existing antecedently to the judgment, but it was a debt created by the judgment itself, and as it was a debt against the corporation, which it was bound to pay, it could be enforced against the defendant.

It may be that the judgment is not conclusive as against the defendant, and it is undoubtedly open to him to show that the recovery was either collusive or fraudulent. But it is a debt created by the judgment itself. It is proved by the production of the judgment, and that is at least *prima facie* evi-

dence of its existence. It is unlike the case of *Miller* v. *White* (50 N. Y. 137), where the judgment was upon a debt antecedently existing, in which case it was held that the judgment was neither conclusive nor *prima facie* evidence of the debt, and that it was the duty of the plaintiff to prove and establish his debt independently of the judgment. The reason upon which that decision is based can have no application to a case like this where there was no liability on the part of the company to pay the costs antecedently to or independently of the judgment. We have carefully examined all the authorities to which our attention is called, and we find none of them in conflict with the views here expressed.

We have not overlooked the clause which follows the words " debts of the company then existing," to wit: " And for all that shall be contracted before such report shall be made." The claim on the part of the defendant that these words limit the meaning of the former words to such debts of a corporation as are voluntarily contracted, we do not deem to be well founded. The word "contracted" here means the same as "incurred" and includes every debt for which the corporation becomes bound. There is no apparent reason for any discrimination as to the kind of debts, and we do not think any was intended.

Therefore the judgments of the General and Special Terms should be reversed and judgment given to the plaintiff upon his demurrer with costs.

All concur.

Judgment accordingly.