## POST-EXPRESS PRINTING CO. v. COURSEY.

*(Supreme Court, General Term, Fifth Department. June 20, 1890.)*

1. CORPORATION—TERM OF DIRECTORS.
   Laws N. Y. 1875, c. 611, § 6, subd. 2, requires that the by-laws of a corporation shall prescribe the term of office of the directors, which shall not exceed one year. The record of an election of the first directors of a limited corporation organized thereunder, held in October, 1886, shows that they were to hold until their successors were elected. The by-laws adopted at the same meeting prescribed that the annual election of directors should be held on the first Monday of January in each year, and that the term should be "one year, and until such time as their successors are chosen, but in no case to hold longer than three months after the expiration of the year." There was no election in January, 1887. *Held*, that the directors elected in October, 1886, held office until at least one year from their election.

2. APPEAL—REVIEW—HARMLESS ERROR.
   In an action against a director for the debt of a corporation, upon the ground of failure to file an annual report, it was not prejudicial error to admit the judg-

ment roll of a judgment against the corporation for the same debt, for the purpose only of proving the costs in that action, which plaintiff claimed a right to recover, when the finding was against such claim.

Appeal from judgment on report of referee.

Action by the Post-Express Printing Company against Stephen Coursey. The judgment was in favor of the plaintiff, from which defendant appealed.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*G. L. Bachman,* for appellant.  *J. S. Hun,* for respondent.

DWIGHT, P. J.   The action was against a director of the Geneva Mineral Springs Company, Limited, to enforce the statutory liability for failure of the directors to make and file an annual report.   The corporation named became fully organized on the 14th day of October, 1886, under the provisions of chapter 611 of the Laws of 1875; the subscribers to its capital stock having, as one step in its organization, on the 6th day of the same month, elected five directors, of whom the defendant was one.   These directors, as shown by the record of their election, were to hold their office until their successors should be chosen.   Such subscribers, as prescribed by the statute, (section 5,) at the same time adopted by-laws which fixed the time for the annual meeting of stockholders, and the election of directors, for the first Monday of January in each year.   On the 11th day of the same month the directors elected officers of the corporation, one Steele being elected president.   The directors held several meetings in 1886.   The notice required by statute of the annual meeting of stockholders for the first Monday of January, 1887, was given; but the meeting was not held, and no directors were ever chosen to succeed those elected in October.   No annual report, as required by the statute, was made in January, or at any other time.   From that time the directors elected in October seem to have given but little, if any, attention to the business of the company, but permitted it to be carried on by the president, in the corporate name, during the spring and summer of 1887.   It was during that time that Steele contracted the debt for the recovery of which this action was brought. The debt was for the printing of circulars and advertisements of the company's waters, all of which was done, and the correspondence with the plaintiff was carried on, in the name of the company.   For a portion of the debt so contracted, Steele gave a note in August, 1887, signed by him as president of the company.   In the fall of 1887 the plaintiff commenced an action against the corporation for the debt above mentioned.   The answer admitted that the defendant therein was a corporation, as alleged, and the defendant herein, on the 8th day of November, verified that answer, stating in his verification that he was at that time the treasurer of such corporation; and as late as December, 1887, on the trial of that action, the defendant Coursey testified as a witness that he was at the outset, and was still, one of its directors.   So, too, on the 6th day of October, 1887, the defendant as treasurer, with Steele as president, and one Picot as secretary, of the Geneva Mineral Springs Company, Limited, executed in the name of the corporation a chattel mortgage on certain of its personal property; and Steele and the defendant attached thereto a consent signed by them, in which they described themselves as "stockholders owning at least two-thirds of the capital stock of said corporation."

There was no room for question, upon the evidence, that this corporation was in existence, and the defendant one of its directors, during the time when the debt to the plaintiff was contracted.   No steps had ever been taken to dissolve the corporation, and business was done by its president during all that time in the corporate name.   The defendant himself, as we have seen, repeatedly recognized its existence during that time, and his relation to it as its treasurer and director; and as late as December, 1887, solemnly verified both those facts by his oath.   The statute under which the company was organized (Laws 1875, c. 611, supra) does not prescribe the term of office of the direct-

ors to be chosen at the first meeting of subscribers, nor of those to be chosen subsequently, except by the requirement (section 6, subd. 2) that the by-laws to be adopted at the same meeting shall prescribe the term of office of the directors, which shall not exceed one year.   In this case the directors chosen at the meeting of subscribers were, as we have seen, elected to hold their office until their successors were chosen.   The by-laws, adopted at the same meeting, fixed the term of office of directors at "one year, and until such time as their successors are chosen, but in no case to hold longer than three months after the expiration of the year."   The by-laws also named the first Monday of January as the time for the annual meeting of stockholders and the election of directors; but as that meeting was not held in 1887, and no successors to the first-elected directors were even chosen, there can be no doubt that, under the provisions of the statute and the by-laws, the first-elected directors, of whom the defendant was one, held their office for at least one year from the date of their election.   We have, therefore, no difficulty in concluding that the defendant was not only *de facto* but *de jure* a director of the corporation in question at the time of the contraction of the debt to the plaintiff.

The debt was, we think, sufficiently established by competent evidence. The immediate transaction was with one Kennedy, whose agency and authority to contract for the work done by the plaintiff were repeatedly recognized, and his contracts affirmed, by Steele, as president and manager of the company.   It was only after several such acts of recognition and affirmance of his contracts, sufficient to constitute a course of dealing between the company and the plaintiff, that Steele, for the first time, questioned the authority of the agent to order the particular work for which this action was brought.

There were many exceptions taken by the defendant to rulings of the referee in the admission of evidence, the most of which seem not to require particular attention.   The judgment roll in the action against the debtor corporation for the same debt was received in evidence under the defendant's objection, in substance, that it was no evidence of the debt against the present defendant.   The ground of the objection was tenable, (*Miller* v. *White,* 50 N. Y. 137,) but the objection was obviated by the fact that the evidence was not offered or received for the purpose mentioned.   The purpose of the offer was expressly limited to proof of the costs awarded by that judgment, which the plaintiff claimed to recover in addition to the debt, under, as it seems, the supposed authority of *Allen* v. *Clark,* 108 N. Y. 269, 15 N. E. Rep. 387.   But the referee found against the claim of the plaintiff in this respect, and so the judgment roll went for nothing as evidence in the case.

The objection to evidence of the acts and declarations of Steele, the president of the company, which constituted part of the *res gestæ* of the transactions with the plaintiff, were properly overruled.   If not relating to the particular debt sued upon, they were more or less pertinent upon the question of the authority of the agent, as tending to show the course of dealing between the parties.   We find no error in the rulings or in the findings and decision of the referee which vitiate the judgment.   The judgment should be affirmed.

All concur.