GEORGE N. HOLLAND v. DULUTH IRON MINING & DEVELOPMENT COMPANY and Others.[1]

June 29, 1896.

Nos. 9942—(153).

**Action to Enforce Stockholders' Constitutional Liability — Conclusiveness of Judgment against Corporation.**

The stockholders of a corporation, in an action against them to enforce their personal liability arising under the constitutional provisions or by statute, are, upon the question of corporate indebtedness, concluded by a judgment previously obtained against the corporation.

**Same—Judgment by Default.**

Such a judgment, although entered by default, is also an adjudication that under the allegations of the complaint there was due to the judgment creditor the amount for which judgment was entered.

**Who are Stockholders—Stock Book as Evidence.**

When the name of an individual appears on the stock book of a corporation as a stockholder, the prima facie presumption is that he is the owner of the stock; and in an action against him as a stockholder the burden of proving that he is not a stockholder, or of rebutting the presumption, is cast upon him.

**Same—Stock Book—How Kept.**

The entries in the stock book of defendant corporation were therefore admissible in evidence for the purpose of raising the presumption before mentioned. Nor was it necessary that such book should have been kept in any particular manner, or that it contain the entries prescribed by statute.

**Same—Finding Sustained.**

*Held*, in view of the entries contained in the stock book, supplemented by the identifying testimony of the witnesses, taken in connection with the fact that defendant Henry S. Wilson offered no testimony tending to deny his member-

[1] Reported in 68 N. W. 50.

ship in the corporation, that the finding that he was a stockholder was supported by the evidence.

**Same—Necessity of Certificate.**

In order to constitute one a stockholder in a corporation, it is not necessary that the certificate to which he is entitled be issued.

**Same—Finding Sustained.**

*Held,* upon the evidence in this case, that the trial court was justified in finding defendants Chapman and Sheridan to have been stockholders in the corporation, although certificates had never been issued, nor was it shown that any formal action had been taken whereby they became stockholders.

Action in the district court for St. Louis county by a judgment creditor against defendant corporation and its stockholders for the appointment of a receiver, the sequestration of its property, and the enforcement of the liability of its stockholders.    It appeared that plaintiff's judgment had been entered against the corporation by default. The case was tried before Moer, J., who found in favor of plaintiff and ordered judgment against the stockholders.    From an order denying a motion for a new trial, defendants Wilson, Chapman, Sheridan and other stockholders appealed.    Affirmed.

*Handlan & McGregor,* for appellant Wilson.

The stockholder's liability for unpaid subscriptions is an asset of the corporation and enforceable by it, while his constitutional or statutory liability is directly to the creditors and not enforceable by or an asset of the corporation.    In re People's L. S. Ins. Co., 56 Minn. 180, 57 N. W. 468.    But see Frost v. St. Paul B. & Inv. Co., 57 Minn. 325, 59 N. W. 308.    In an action to enforce the individual liability of stockholders, which is created by the constitution and distinct from their obligation as corporators to the corporation or creditors, the admission of the judgment against the corporation is not admissible as evidence.    The liability of the stockholders in such cases is not for the judgment, but for the original debt, which rests upon them as individuals and not as corporators, and a complaint against them founded upon the judgment is bad on demurrer.    Trippe v. Huncheon, 82 Ind. 307; Southmayd v. Russ, 3 Conn. 52; Mokelumne H. C. & M. Co. v. Woodbury, 14 Cal. 265.    The judgment, if admissible at all, was only prima facie evidence.

The stock book of the corporation was inadmissible to prove that defendant was a stockholder.    Being a stranger to the corporation, he

was not chargeable with admissions in its records until he had previously been connected with the corporation by evidence aliunde. Redding v. Godwin, 44 Minn. 355, 46 N. W. 563; 1 Wharton, Ev. § 662; 1 Phillips, Ev. 449; 1 Greenleaf, Ev. § 493; Haynes v. Brown, 36 N. H. 568. The entries in the stock book of a corporation are solely for the benefit and protection of the corporation (Baldwin v. Canfield, 26 Minn. 43, 1 N. W. 261) and of its creditors (Basting v. Northern Trust Co., 61 Minn. 307, 63 N. W. 721; Mudgett v. Horrell, 33 Cal. 29; 3 Thompson, Corp. §§ 3657–3659; Howard v. Glenn, 85 Ga. 238, 11 S. E. 610; Tripp v. Appleman, 35 Fed. 19; Glenn v. Liggett, 47 Fed. 480). The stock book did not conform to G. S. 1894, § 2599, and hence was not admissible. Tripp v. Appleman, supra; Glenn v. Liggett, supra; Taussig v. Glenn, 2 C. C. A. 318, 51 Fed. 413; Morawetz, Corp. § 76. To create the presumption that an individual whose name appears as a stockholder is prima facie the owner of the stock, it must be shown by the contents of the stock book, or by extrinsic evidence, or by both combined, that the name found in the book was so entered therein as the name of the party to the litigation. Liggett v. Glenn, 2 C. C. A. 298, 51 Fed. 393; Glenn v. Liggett, supra; Taussig v. Glenn, supra. The stock book did not sustain a finding that defendant was the owner of stock and that a certificate had been issued to and received by him. Turnbull v. Payson, 95 U. S. 425; Vanderwerken v. Glenn, 85 Va. 9, 6 S. E. 806; Lehman v. Glenn, 87 Ala. 618, 6 South. 44; Taussig v. Glenn, supra; Liggett v. Glenn, supra; Weber v. Fickey, 52 Md. 500; Tripp v. Appleman, supra.

*C. d'Autremont, Jr.*, and *Cash, Williams & Chester*, for appellant Sheridan, and *Mann & Corcoran*, for appellant Chapman.

A mere contract to become a stockholder is insufficient to charge a party as stockholder until the contract is executed by the delivery of the stock. Burt v. Rattle, 31 Oh. St. 116; Medler v. Albuquerque Co., 6 N. M. 331, 28 Pac. 551; Morawetz, Corp. § 46; Thrasher v. Pike Co. R. R. Co., 25 Ill. 393; Stowe v. Flagg, 72 Ill. 397–402; Rhey v. Ebensburg & S. P. R. Co., 27 Pa. St. 261; Mt. Sterling C. Co. v. Little, 14 Bush (Ky.) 429; Lake Ontario S. R. R. Co. v. Curtiss, 80 N. Y. 219–223; Quick v. Lemon, 105 Ill. 578; Clark v. Continental Imp. Co., 57 Ind. 138; Weiss v. Mauch Chunk Iron Co., 58 Pa. St. 295–301; Wheeler v.

Thayer, 121 Ind. 64, 68, 22 N. E. 972; Wolverhampton N. W. Co. v. Hawkesford, 95 Eng. C. L. 336; Tracy v. Yates, 18 Barb. 152.

The judgment recovered in the former action against the defendant company is not conclusive against the stockholders. In those jurisdictions where a judgment against the corporation is held conclusive against the stockholder, regarding his statutory or constitutional liability, it is urged that it would be a hardship to require the creditor to prove his case twice. This reasoning does not apply in this state under the statutory remedies given to the creditor, under either of which the defendant stockholders would have had a hearing, viz.: (1) At law under G. S. 1894, §§ 2600–2602; Merchants Nat. Bank v. Bailey Mnfg. Co., 34 Minn. 323, 25 N. W. 639; (2) in equity, under G. S. 1894, § 5905; First Nat. Bank v. Winona Plow Co., 58 Minn. 167, 59 N. W. 997.

*Jaques & Hudson*, for appellants Brown.

The judgment against the corporation in favor of plaintiff is not conclusive evidence of the liability of the corporation to him in the present action. Miller v. White, 50 N. Y. 137; McMahon v. Macy, 51 N. Y. 155; Stephens v. Fox, 83 N. Y. 313; Trippe v. Huncheon, 82 Ind. 307; Union Bank v. Wando M. & M. Co., 17 So. Car. 339; Southmayd v. Russ, 3 Conn. 52; Chestnut v. Pennell, 92 Ill. 55; Chase v. Curtis, 113 U. S. 452, 5 Sup. Ct. 554; Hawkins v. Glenn, 131 U. S. 330, 9 Sup. Ct. 739; Beauchaine v. McKinnon, 55 Minn. 318, 56 N. W. 1065. The complaint shows that the corporation was not indebted to plaintiff in the action at the time the judgment was entered. A judgment entered by default on a complaint that does not state a cause of action is void. 1 Black, Judgm. § 84.

*Billson, Congdon & Dickinson*, for respondent.

The stockholders are concluded by the judgment previously obtained against the corporation. Frost v. St. Paul B. & I. Co., 57 Minn. 325, 331, 59 N. W. 308; Thompson, Corp. § 3392; 2 Black, Judgm. § 583; Bissit v. Kentucky R. Nav. Co., 15 Fed. 360, note; Thompson v. Reno Sav. Bank, 3 Am. St. Rep. 858, note; 2 Morawetz, Corp. § 619.

The entries in the stock certificate book were admissible against defendant Wilson, and in connection with the parol testimony, were

sufficient to establish prima facie that he was a stockholder. Turnbull v. Payson, 95 U. S. 421; Finn v. Brown, 142 U. S. 67, 12 Sup. Ct. 136; Liggett v. Glenn, 2 C. C. A. 298, 51 Fed. 393; Rockville & W. T. Road v. Van Ness, 2 Cranch, C. C. 451, Fed. Cas. No. 11,986; Hoagland v. Bell, 36 Barb. 57; Chapman v. Porter, 69 N. Y. 276; Wood v. Coosa & C. R. R. Co., 32 Ga. 273; Semple v. Glenn, 91 Ala. 245, 6 South. 46, 9 South. 265; Glenn v. Orr, 96 No. Car. 413, 2 S. E. 538; Sayre v. Glenn, 87 Ala. 631, 6 South. 44; Pittsburg W. & K. R. R. Co. v. Applegate, 21 W. Va. 172; Weber v. Fickey, 47 Md. 196; 52 Md. 500; 1 Cook, Stock. & Stockh. § 55; 1 Morawetz, Corp. § 270. In order to constitute one a stockholder the certificates to which he was entitled need not have been actually issued. Columbia E. Co. v. Dixon, 46 Minn. 463, 466, 49 N. W. 244; Marson v. Diether, 49 Minn. 423, 427, 52 N. W. 38; 1 Cook, Stock. & Stockh. § 192. Stockholders cannot evade their liability by failing to keep books as required by the statute. This would be to take advantage of their own wrong. The incorporators must be regarded as stockholders even if no formal action was taken by the corporation authorizing the issuance of stock to them in exchange for the leases. Where a corporation or a board of directors consists of a small number of persons, they may transact business without formal votes or resolutions. Melledge v. Boston Iron Co., 59 Mass. 158, 179; 2 Cook, Stock. & Stockh. § 714. Although no record or minute is made of such informal acts or understandings, they may be established by parol proof. Allis v. Jones, 45 Fed. 148; 1 Beach, Pub. Corp. § 181; Morrill v. Segar Mnfg. Co., 32 Hun, 543. Even in the absence of direct testimony, corporate action may be shown by facts and circumstances from which it may be reasonably inferred. Moss v. Averell, 10 N. Y. 449, 454; Bank of U. S. v. Dandridge, 12 Wheat. 70. It would not be unreasonable to infer that, at some of the directors' meetings, informal conferences, agreements and understandings were had as to the issuance of this stock, which all understood to belong to them individually, and the certificates to which remained unissued for purposes of their individual convenience. No formal action was necessary. Walworth Co. Bank v. Farmers L. & T. Co., 16 Wis. 629; Sherman v. Fitch, 98 Mass. 59; Sherman C. T. Co. v. Swigart, 43 Kan. 292, 23 Pac. 569; Greig v. Riordan, 99 Cal. 316, 33 Pac. 916. See Pittsburg, C. & St. L. Ry.

Co. v. Keokuk & H. B. Co., 131 U. S. 381, 9 Sup. Ct. 770; Fort Worth Pub. Co. v. Hitson, 80 Tex. 216, 14 S. W. 843.

The corporation was not organized exclusively for manufacturing or mechanical purposes within the meaning of the constitution. First Nat. Bank v. Winona Plow Co., 58 Minn. 167, 59 N. W. 997; Densmore v. Shepard, 46 Minn. 54, 48 N. W. 528, 681; Arthur v. Willius, 44 Minn. 409, 46 N. W. 851; Mohr v. Minnesota Elevator Co., 40 Minn. 343, 41 N. W. 1074.

COLLINS, J.   This was an action brought by a judgment creditor of a corporation to enforce against the stockholders individually their double liability for the corporate debts.

At the trial the court held that the judgment previously obtained against the corporation was conclusive evidence of its indebtedness and liability, and would not permit the stockholders to litigate the merits of the claim upon which it was based.   The correctness of this position is directly attacked upon an appeal from an order denying defendant stockholders' motion for a new trial.

The practical effect of the decision in Dodge v. Minnesota Roofing Co., 16 Minn. 327 (368), was to hold that a judgment against a corporation was conclusive against the stockholders in any action or proceeding to enforce their individual liability, although the exact question was not before the court.   And in the case of Frost v. St. Paul B. & I. Co., 57 Minn. 325, 59 N. W. 308, which was an action upon judgments against a corporation for the recovery of money to enforce the liability of stockholders for unpaid subscriptions, and their statutory liability, it was held that the judgments were evidence of the indebtedness of the corporation; the court saying that a judgment for the recovery of money is, as against everybody, evidence of a debt from and after its rendition, as fully as could be any other transaction between the parties.

The force of these decisions seems to be admitted by counsel for the defendants here, but they insist that there is a distinction in principle, as to the effect or conclusiveness of judgments against corporations, between the cases in which actions are brought against stockholders on account of unpaid subscriptions and those wherein the object is to enforce the statutory or constitutional liability, the ground for distinguishing being that anything due for unpaid sub-

scriptions is an indebtedness to and an asset of the corporation, while the statutory or constitutional liability is not. Because this liability is to the creditors only, and is not a corporative asset, nor can the corporation enforce it, counsel urge that when the action is based upon it there is no privity of interest between the corporation and its stockholders by reason of which the latter are concluded by a judgment against the former, or which can even make the judgment prima facie evidence of a corporate indebtedness. It seems to be conceded by counsel that, to the full extent of the corporate property, and whenever its assets are to be reached, there is this privity of interest, and the stockholders are bound by the judgment. Reduced to a simple proposition, the position of counsel is that when the purpose of the action is to enforce a direct liability to the corporation the stockholders cannot question the judgment, but if the liability is indirect, arises only when the corporation assets are insufficient to satisfy the debts, and can only be enforced by the creditors, the judgment is ineffectual for any purpose.

When we consider the character of stock corporations, and the powers and duties of the officers selected and authorized to manage them, it is not an easy task to demonstrate upon principle why a judgment against the body corporate should sometimes and under some circumstances bind the stockholders, and not at all times and under all circumstances; or why stockholders are privies in interest, and therefore concluded by the judgment, when their liability to respond to the full extent of amounts due on unpaid subscriptions is involved, and not privies in interest, and not bound by the judgment, when the same creditor undertakes to compel response to statutory or constitutional liability to pay the same judgment. Both liabilities are incurred at the same time, and by the same act, namely, by the act of subscribing for stock. The subscriber then becomes obligated to pay for his shares, and also to pay an amount equal to their face value, if necessary, and his liability is as definitely fixed in the one case as in the other. The difficulty we have referred to is apparent from an examination of the cases cited by counsel in their briefs, in which the courts have attempted to give reasons for restricting the effect of judgments against corporations, and limiting their binding force to cases in which corporate assets only were involved; and of those cited by counsel Miller v. White, 50 N. Y. 137, and Stephens

v. Fox, 83 N. Y. 313, lead.    But there is great uncertainty as to the exact position of the courts of New York on this question, as has been well shown by Mr. J. C. Harper in his note to Bissit v. Kentucky River Nav. Co., 15 Fed. 353.    To the cases commented upon by him as tending to the existing confusion in that state we will add Allen v. Clark, 108 N. Y. 269, 15 N. E. 387, in which Miller v. White, supra, is alluded to.

Certainly the rule in New York is not settled, and, in our judg-ment, the logic of the reasoning adopted in some of their cases, in support of a conclusion that to the extent of the corporate property or assets the shareholders are bound by the judgment, tends thorough-ly to establish the doctrine which seems to prevail in this country that, as the statutory or constitutional liability is an obligation vol-untarily assumed by the stockholder when he subscribes for his shares, the officers of the corporation represent him as to that liability to the same extent as they do when his ordinary liability assumed by the same act of subscription is involved.    The officers of the cor-poration, in the absence of fraud and collusion, can bind the stock-holders, and fasten upon them obligations which cannot be ques-tioned by the latter.    The officers can not only make the corporation liable to the full extent of the corporate assets, but they can also fasten the statutory or constitutional liability upon the stockholders. This liability is incident to taking stock, and is incurred by the sub-scriber.    When subscribing for his shares and entering into the or-ganization, he undertakes the responsibility for the result of litiga-tion in which the corporation becomes involved, to which he is not a party, and has not been given an opportunity to defend personally. He is then represented by officers who are not only authorized to take charge of all litigation, but whose duty it is so to do; and why should not those whom the officers represent be held privies in inter-est, and concluded by the result, in the absence of fraud and collusion? There would seem to be no middle ground on which to place a judg-ment against a corporation, and, if the stockholders are bound under any circumstances, they must be under all.    This is the common con-clusion of nearly all of the courts, although their reasons are not al-ways the same. See cases cited in the following text-books: 3 Thomp-son, Corp. § 3392, 2 Black, Judgm. § 583; 2 Morawetz, Corp. § 619.

Also 12 Am. & Eng. Enc. Law, 97, note 1. Also Oswald v. Minneapolis Times Co., supra, page 249, 68 N. W. 15.

At the trial an objection was made by defendants' counsel to the introduction in evidence of the judgment roll, upon the ground that the complaint on which the judgment was rendered failed to state a cause of action against the corporation. What has been said hereinbefore covers the claim that the objection should have been sustained. See, also, Lane v. Innes, 43 Minn. 137, 45 N. W. 4, and cases cited.

Taken as a whole, the evidence was sufficient to support the finding that defendant Wilson was a stockholder. The rule is that, where the name of an individual appears on the stock books of a corporation as a stockholder, the prima facie presumption is that he is the owner of the stock; and in an action against him as a stockholder the burden of proving that he is not a stockholder, or of rebutting the presumption, is cast upon the defendant. 1 Cook, Stock. & Stockh. § 55, and cases cited in notes. From some of these cases it will be seen that the rule has been laid down much more broadly than here stated. The reasons why, in opposition to the general rule, entries in the books of a corporation are admissible for the purpose of showing who are stockholders, are well stated in Glenn v. Orr, 96 N. C. 413, 2 S. E. 538, and Liggett v. Glenn, 2 C C. A. 286, 51 Fed. 381. The entries introduced here were found in a stock or share book kept by the corporation. It may not have been the book required by statute,[2] for, although otherwise complete, it failed to show what amount of money had been paid on the shares issued to Wilson. But the rule above stated does not require that the entries introduced in evidence shall be found in a book kept in any particular manner, or that it contain the entries prescribed by statute. It is enough if it be the stock book of the corporation. The book, which showed that a certificate for 500 shares of stock had been issued to H. S. Wilson, supplemented by the identifying testimony of the witnesses Greenwood and James, taken in connection with the fact that defendant Henry S. Wilson offered no testimony tending to deny his membership in the corporation, but seems to have rested upon a belief that plaintiff would fail to connect him with it, made a case for the finding in question.

The claim is made in behalf of the defendants Chapman and Sheridan that there was no sufficient evidence to warrant a finding that

[2] G. S. 1894, § 2599.

they, or either one, were stockholders in the corporation.   The entire stock consisted of 100,000 shares, of which not to exceed one-fourth was set aside as treasury stock, to be sold for cash, the money to be used in developing the property.   The balance of the shares was to be divided equally between the four original incorporators, defendants above named and defendants James and Greenwood, in payment or in consideration of four mining leases which they had obtained for the corporation, and also in consideration of services rendered and moneys advanced.   This statement of the facts is borne out by the evidence, although there was some dispute over it. These four gentlemen organized the corporation, and were its officers and directors for two years,—so long as it seems to have been alive.   They took part in stockholders' meetings, and also had numerous meetings as directors.   They secured mining leases, supposed to be of value, and turned them over to the corporation with the understanding that in consideration therefor, and as compensation for their personal services, they should have an equal division of all the shares, less about one-fourth, set apart as treasury stock, to be placed on the market.   It was not shown that formal action as to the division of the stock was ever taken, and no certificates were formally issued to these gentlemen, the reason really being that it was generally understood what shares each was to have, and because they did not want shares held by either of their associates to be placed on the market, there to compete with the treasury stock, and depreciate its market price.   It is also quite evident from the testimony that these gentlemen were disinclined unequivocally to place themselves in position as stockholders to whom shares had been actually issued, until the success of the corporation was assured, and the danger of incurring individual liability reasonably remote.   In order to constitute one a stockholder in a corporation, it is not necessary that the certificate to which he is entitled be issued, for it is merely evidence of his title to the stock shares.   1 Cook, Stock. & Stockh. § 192.   See, also, Marson v. Deither, 49 Minn. 423, 52 N. W. 38, and cases.

It was established by the evidence here that these four original incorporators became stockholders in the corporation, unless it was absolutely necessary to show that formal action was taken by the corporation on their proposition.   It had been carried out and executed. In consideration and as payment for the mining leases and for mon-

eys advanced and services rendered, these men had agreed to take all the shares, less those reserved. The leases had been transferred, the moneys advanced, and the services rendered. No stock certificates had been issued for the reasons given, but this was not the test. We do not think that it was absolutely necessary to show that formal action had been taken at a stockholders' or a directors' meeting, whereby these men became stockholders. The testimony presents a case of a fully and mutually executed agreement for the sale of stock to the promoters and incorporators of the corporation, the same having been paid for by the leases, the moneys advanced, and the services rendered. The corporation had been paid for the stock, but the certificates had not been issued or delivered, for reasons personal to those to whom they of right belonged. In the absence of the books and records, all of which, except the stock book before mentioned, had been destroyed by fire prior to the commencement of this action, it may well be inferred from the facts and circumstances that action sufficiently formal had been taken at some of these meetings to constitute these incorporators shareholders in the truest sense. Moss v. Averell, 10 N. Y. 449; Bank of U. S. v. Dandridge, 12 Wheat. 70. Again, it is obvious that these men assumed to be shareholders, and acted as such, because they had really bought and paid for their stock. It is a case for the application of the principles that a party cannot take advantage of his own wrong, and that in equity that will be consdered done which ought to be done. See Basting v. Northern Trust Co., 61 Minn. 307, 63 N. W. 721.

The corporation was organized, not only for the purposes of mining, but also for the business of "buying and selling and dealing in mineral lands." It is not within the terms of the constitutional provision respecting corporations organized for manufacturing or mechanical business. St. Paul Barrel Co. v. Minneapolis Distilling Co., 62 Minn. 448, 64 N. W. 1143, and cases cited; Anderson v. Anderson Iron Co., supra, page 281, 68 N. W. 49.

Order affirmed.