GEARY v. CAIN et al.

No. 4892. Decided March 28, 1932. (9 P. [2d] 396.)
Rehearing Denied August 5, 1932.

*Hutchinson & Hutchinson,* of Salt Lake City, for appellants.

*Hurd & Hurd,* of Salt Lake City, for respondent.

DILWORTH WOOLLEY, District Judge.

The plaintiff has a judgment against Addison Cain, which she obtained in an action for damages for tort, upon which there was due $12,657.99 on the date the judgment was en-

tered in this case, and upon which an execution had been returned unsatisfied. She brought this suit, which is in the nature of a creditor's bill in aid of execution, to obtain a judgment and decree subjecting property which stands in the name of the Doris Trust Company, a corporation, to the payment of her judgment against Cain, naming both Cain and the said corporation as parties defendant.

From a judgment in favor of the plaintiff and against the Doris Trust Company for the amount due upon her judgment against Cain, and which also provides that certain real property therein described be sold to satisfy the same, in case the defendants fail to pay it, both defendants have appealed.

The plaintiff has two theories upon either or both of which she seeks to sustain the judgment in this case. Her first theory is that Addison Cain and the Doris Trust Company, a corporation, are in fact one and the same person; or, otherwise stated, that the corporation is merely Cain's alter ego, or a name under which he holds the title to his property and in which he transacts his individual buisness when he so desires; and hence that the property held in the name of the corporation is in reality Cain's property and therefore may and ought to be taken to pay his judgment debt to the plaintiff. Her second theory is that the Doris Trust Company, a corporation, is Cain's agent, or trustee, holding in its name the title to property which in fact and in equity belongs to Cain; and hence the trial court was warranted and required to decree that the same be sold to pay the judgment against Cain.

The judgment cannot be sustained upon either theory upon the facts disclosed by the record.

The Doris Trust Company is a corporation, duly organized and existing under and by virtue of the laws of the state of Utah. It was organized by Addison Cain in the year 1909, and is what may be termed a family corporation because all of its outstanding shares are owned by members of one family. As such corporation the Doris Trust Com-

pany in contemplation of law is a person, having an entity separate and distinct from all other persons on earth and distinct from the body of its stockholders, and having the power in its name, under the provisions of its articles of incorporation and the laws of this state, to own and hold real property.

The legal title to all of the property involved in this action is vested in the corporation. Part of it was conveyed to the corporation by Addison Cain and his wife in the year 1909, shortly after Cain filed the articles of incorporation of the Doris Trust Company with the county clerk; part was conveyed to the Doris Trust Company by the Caroline Cain Corporation, a corporation, in the year 1919; and the greater part of it by Addison Cain and his wife in the year 1920. These are all outright conveyances of title, without limitations, reservations, or restrictions of any kind material to the present inquiry. The last of said conveyances was made about four years prior to the date upon which Cain committed the assault upon the plaintiff which formed the basis of the action against him in which she recovered the judgment which she is undertaking to collect by this suit. There was no consideration paid by the Doris Trust Company to the Caroline Cain Corporation for the property conveyed in 1919. There is a dispute between the parties hereto as to whether the equitable title to that property, at the time of its conveyance, rested in Cain or in his three children. The parties are not in agreement as to whether there was any consideration paid by the grantee to the grantors for the property conveyed in 1920; Cain claiming that there was the sum of $5,000 paid for his interest therein, and the plaintiff claiming that nothing whatever was paid. As to the property conveyed in 1909, which consists of an apartment house known as the Doris Terrace, Cain's testimony is that the building was erected with funds which he held in trust for his three children, and that he conveyed the property in exchange for the capital stock of the corporation which was subscribed at the time of incorporation,

and that he and his wife took 300 shares of stock each which they held in trust for two of their children who were then under age, and their eldest child, Ruth, took 300 shares, in her own right; while the plaintiff claims that the property belonged to Cain and was conveyed by him to the corporation for the stock which was then issued. But whatever the facts may be in regard to the matter of consideration for the three conveyances above mentioned, and conceding for present purposes that they were all made without consideration, there is no question made about the fact that they operated so as to pass the legal title to the property to the Doris Trust Company, where it is now vested.

The Doris Trust Company has an authorized capital stock of $9,000 with a par value of $1 per share. The books of the corporation show that in the year 1920 there were 3,752 shares issued and outstanding, the remainder being treasury stock or unissued stock. Of the issued and outstanding shares, as of the year 1920, the books show 1,250 in the name of Ruth Cain Bell, 1,250 in the name of Brighton Cain, 1,250 in the name of Carol Cain (Garnick), all of whom are children of Addison Cain, 1 share in the name of Addison Cain, and 1 in the name of Frances L. Cain, who is the wife of Addison Cain. The books do not disclose any transfers of stock since that year; and according to the books, the stock was owned as above stated at the time of the trial. The stock books of the corporation themselves are prima facie evidence of the ownership of the shares by the members of the Cain family. *Rasmussen* v. *Sevier Valley Canal Co.*, 48 Utah 490, 160 P. 444; *Semple* v. *Glenn*, 91 Ala. 245, 6 So. 46, 9 So. 265, 24 Am. St. Rep. 894; *Sherwood* v. *Illinois Trust & Savings Co.*, 195 Ill. 112, 62 N. E. 835, 88 Am. St. Rep. 183; *Holland* v. *Duluth Iron Mining & Dev. Co.*, 65 Minn. 334, 68 N. W. 50, 60 Am. St. Rep. 480. Furthermore, both Carol Cain Garnick, the secretary, and Addison Cain, the president, of the corporation, testified that the stock was owned as shown by the books. No one testified to the contrary; nor do we find in the

record any substantial evidence of a contrary import. Hence, we say that the evidence shows that all of the outstanding shares of the corporation, except 2 of them, which were owned respectively by Addison Cain and Frances L. Cain, were owned at the time of the trial and had been owned ever since 1920 by Cain's three children, Ruth, Brighton, and Carol.

The trial court, however, found as a fact that said children do not own any of said shares and that Addison Cain does own all of them. But this finding cannot be sustained upon the evidence and must be, and it is, disapproved by this court.

A showing that Cain owns all, or substantially all, of the outstanding shares of the Doris Trust Company, or that the persons in whose names they stand hold the same in trust for him, is vital to the plaintiff's case under her first theory. Courts of equity and courts of law as well, and courts which administer both law and equity in the same action, as do the courts of this state, will, to prevent fraud and accomplish justice, in proper cases ignore the legal fiction that a corporation is a person separate and distinct from the person or group of persons who own its stock. *Western Securities Co.* v. *Spiro,* 62 Utah 623, 221 P. 856; *D. I. Felsenthal Co.* v. *Northern Assurance Co.,* 284 Ill. 343, 120 N. E. 268, 1 A. L. R. 602, and annotation on page 610. It is this doctrine which the plaintiff would have us apply in this case. It would be applicable, assuming that all other necessary facts appear, if Cain in fact owned the stock or if his three children, who appear to own the shares, were shown to be mere trustees for him in the ownership thereof. But otherwise such doctrine can have no application. The corporate entity cannot be ignored where, as here appears, the stock is owned by the children, and it does not appear that they hold title to the shares in trust for their father. *Weaver* v. *Atlantian Const. Co.,* 84 Cal. App. 154, 258 P. 111; *Elenkrieg* v. *Henry A. Siebrecht,* 238 N. Y. 254, 144 N. E. 519, 34 A. L. R. 592, and note page 607. The doc-

trine is generally applied by the courts when they have to deal with what in colloquial language are called "one man" corporations. It is not necessarily applied when they are dealing with what are called "family" corporations. The corporation whose affairs were involved in *Western Securities Co.* v. *Spiro, supra,* is typical of the former kind; the one involved in *Elenkrieg* v. *Siebrecht* is typical of the latter. The doctrine simply means that the courts, ignoring forms and looking to the substance of things, will regard the stockholders of a corporation as the owners of its property, or as the real parties in interest, whenever it is necessary to do so to prevent a fraud which might otherwise be perpetrated, to redress a wrong which might otherwise go without redress, or to do justice which might otherwise fail. It cannot be applied in this case, which is an action against the corporation and a person who holds but one share of its stock, so long as it appears that there are other stockholders, who are not parties to the action, owning all but one of the outstanding shares and it is not made to appear that they hold the same in trust for Addison Cain.

Turning to the plaintiff's second theory, finding XII, which has reference to the various transfers of property by Cain and by the Caroline Cain Corporation, which are mentioned above, is as follows:

"That the said defendant, Doris Trust Company, in taking and accepting said conveyances, acted merely as an agent or servant for the benefit of or as the defendant, Addison Cain, himself, under another name, and the property and assets standing of record in the name of and purporting to be owned by the defendant Doris Trust Company, were at the time of the rendition and entry of plaintiff's said judgment against defendant, Addison Cain, and are now held by said defendant, Doris Trust Company, as agent and for the benefit of said defendant, Addison Cain, and are in fact the property and assets of defendant, Addison Cain, and are of the reasonable net value of more than $100,000, and are subject to the payment of plaintiff's aforesaid judgment."

To say that the Doris Trust Company is Cain's agent, holding the legal title to the real property which in fact

and in equity belongs to Cain, is but another way of saying that the corporation is a trustee, holding the legal title to real property the equitable title to which is in Cain, who is the cestui que trust. That is what her second theory amounts to. But the judgment cannot be sustained upon this theory because of the Statute of Frauds, Comp. Laws Utah 1917, § 5811, reads as follows:

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful agent thereunto authorized by writing."

See, also, *Skeen* v. *Marriott*, 22 Utah 73, 61 P. 296:

There is no writing whatever shown in the evidence in this case, signed by the party to be charged thereby, namely, the Doris Trust Company, a corporation, which is or can be said to meet the requirements of that section; nor is any claim made that there is here shown a resulting or a constructive trust, such as will arise by operation of law from certain transactions without a writing signed by the party to be charged thereby. The court cannot, therefore, hold that that the corporation is the agent of or a trustee for Cain and that he is the equitable owner of the real property the legal title to which is admittedly owned by the corporation. Hence we cannot approve finding XII, and that finding must be set aside.

The respondent cites Comp. Laws Utah 1917, § ■■ 5816, which reads as follows:

"Gifts for use of grantor, when void. All deeds, gifts, conveyances, transfers, or assignments, verbal or written, of goods, chattels, or things in action, made in trust for the use of the person making the same, shall be void as against the existing or subsequent creditors of such person."

She says that the conveyance made by Cain and his wife to the Doris Trust Company, on December 30, 1920, in

which he conveyed all of his property in this state to the corporation, and that, as she claims, without consideration, comes squarely within the provisions of said section. But such position cannot be maintained. Section 5816 relates only to transfers of personal property, not real property, and hence has no application to the conveyance of the real estate here involved. It relates only to "goods, chattels, or things in action," which in any sense of the terms are not real property.

Hence we conclude that the judgment cannot be permitted to stand, being contrary to the law upon the facts shown by the record. The judgment is therefore set aside,. and the cause is remanded to the lower court with directions to enter judgment for the defendants of no cause of action. The respondent to pay the costs.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and FOLLAND, JJ., concur.

EPHRAIM HANSON, J., being disqualified, did not participate herein.