Dennis E. McGOLDRICK, Chapter 7 Bankruptcy Trustee for the Estate of John A. Cavanaugh and Violet P. Cavanaugh, Substituted Plaintiff and Appellee,

v.

Gordon D. WALKER and Covecrest Properties, a Utah limited partnership, Defendants and Appellants.

No. 880152.

Supreme Court of Utah.

Sept. 30, 1992.

Douglas J. Payne, Salt Lake City, for McGoldrick.

Richard K. Nebeker, Salt Lake City, for defendants and appellants.

DURHAM, Justice:

This action was tried in the Third Judicial District Court of Salt Lake County in May of 1987. A jury trial resulted in a judgment in favor of defendant Walker on his counterclaim. To satisfy the judgment, Walker attempted to reach certain real property held in trust by plaintiffs. He moved to void the trust and foreclose on the property. Following a supplemental hearing, the trial court voided the trust as to plaintiffs' personal property but refused to find the trust void as to plaintiffs' real property. Defendants now appeal from this ruling. We find the entire trust void, so we affirm in part and reverse in part.

On March 11, 1985, John A. and Violet P. Cavanaugh, husband and wife, filed a complaint against defendants Gordon D. Walker and Covecrest Properties. The dispute arose from Walker's sale of land to the Cavanaughs. On April 10, 1986, Walker filed a separate action against the Cavanaughs, seeking foreclosure and collection on a promissory note stemming from the same land transaction. The actions were consolidated by court order in April of 1986.

In May of 1987, a jury trial resulted in a judgment of $836,446.97 for Walker. Upon obtaining judgment, Walker recorded a lien on an apartment complex situated in Los Angeles which the Cavanaughs owned. Walker later learned that the Cavanaughs had previously transferred all their real and personal property assets to the "Violet P. Cavanaugh Trust." The trust had been created while the underlying suit was pending.[1]

---

1. Some confusion exists over the exact date of the transfer. The trust document providing for the transfer of the apartment complex was executed and notarized on March 20, 1986, three

In August of 1987, Walker obtained a deficiency judgment against the Cavanaughs for the sum of $779,573.74. Supplemental proceedings were held in November of 1987 at which Walker moved to have the trust invalidated so he could reach the Cavanaughs' property and satisfy the deficiency judgment. The court invalidated the trust as to the personal property only and ruled that the real property transferred into the trust could not be attached. Walker filed his notice of appeal on April 15, 1988. The Cavanaughs subsequently filed a bankruptcy petition. Bankruptcy trustee Dennis McGoldrick took possession of their assets and was substituted as plaintiff. The bankruptcy court granted relief from the automatic stay in March of 1991, and this appeal proceeded.

Walker contends, inter alia, that the trial court erred in ruling that former section 25–1–11 of the Utah Code applies only to personal property, not to real property. At the time of the disputed transfer, Utah Code Ann. § 25–1–11 provided:

> **Trust for grantor void.**—All deeds, gifts, conveyances, transfers or assignments, verbal or written, of goods, chattels, or things in action made in trust for the use of the person making the same shall be void as against the existing or subsequent creditors of such person.[2]

The trial court regarded itself bound by the language in *Geary v. Cain,* 79 Utah 268, 9 P.2d 396 (1932), where this court interpreted the predecessor statute to section 25–1–11 as applying only to personal property.[3] In his memorandum decision, the trial judge stated, "If it were not for the *Geary* case the court would be inclined to invalidate the trust as to the real property also." We conclude, however, that *Geary* is not controlling.

First, *Geary* is distinguishable from this case. In *Geary,* the plaintiff attempted to satisfy a tort judgment by invalidating transfers of real property made by the defendant to a corporation. The *Geary* court found that the conveyances were not made for the benefit of the defendant, who owned only one share of the corporation's stock. This court stated that "these are all outright conveyances of title, without limitations, reservations, or restrictions of any kind material to the present inquiry" and further found that the corporation was not a trustee holding mere legal title to the property. *Id.* 9 P.2d at 397–98. In this case, however, the trial court found that Mrs. Cavanaugh retained full control over the trust property, including the right to modify, amend, or revoke the trust at any time. Mrs. Cavanaugh was also found to have retained full and complete enjoyment and benefit of the trust for the remainder of her life and to be the beneficiary of all trust property and proceeds. This case, then, unlike *Geary,* warrants the application of section 25–1–11 because the trust has been found to be a "trust for the use of the person making the same," as required by section 25–1–11.

Second, because the *Geary* court found that the defendant's transfer was not for his own benefit, section 5816 (the nearly identical forerunner to section 25–1–11) was not applicable. Thus, the interpretation of section 5816 as applying only to personal property in *Geary* was mere dicta with little persuasive authority.

More on point and much more recent is *Leach v. Anderson,* 535 P.2d 1241 (Utah 1975). In *Leach,* this court found that the trust created by the defendant had been created for her own use and benefit. The defendant argued, as the Cavanaughs have

---

2. In 1988, the entire statutory chapter on fraudulent conveyances, §§ 25–1–1 to –16, was repealed and replaced by the Uniform Fraudulent Transfer Act, Utah Code Ann. §§ 25–6–1 to –13.

3. Former section 5816 of the Compiled Laws of Utah (1917) is substantively identical to section 25–1–11.

weeks before Walker filed his action. However, separate deeds of conveyance apparently were notarized on April 10 (the date on which Walker's action was filed) and recorded on April 29. But as Walker's counsel conceded in his argument to the trial court, the exact date of the transfer is not important since the statute at issue here renders void all transfers made "in trust for the use of the person making the same" as against "existing *or subsequent creditors* of such person." (Emphasis added.)

here, that section 25–1–11 did not apply to real property transferred to a trust. The court in *Leach* avoided ruling on the question because it found that the defendant had substantial personal property assets and that "no useful purpose would be served by our being concerned as to whether the real property may be subjected to plaintiff's judgment." *Id.* at 1244. However, the court did state that section 25–1–11 "is but a codification of the common law, which for reasons discussed herein, refused to give recognition to trusts of this character involving *any* kind of property." *Id.* (emphasis added).

Much authority supports the general proposition that a trust created for the benefit of the person making the same is void as to both past and future creditors.[4] Yet none of the authorities that we have found or that have been brought to our attention by the parties draw any distinction between real and personal property. The Cavanaughs urge that section 25–1–11 makes such a distinction in its language referring to "goods, chattels, or things in action" and thereby was intended to relate only to transfers of personal, not real, property. However, section 25–1–11 also uses the language "[a]ll deeds." A deed is a "conveyance of realty; a writing signed by grantor, whereby title to realty is transferred from one to another." *Black's Law Dictionary* 414 (6th ed. 1990). Therefore, the statute, while not expressly stating that it applies to real property, clearly contemplates such an application.

Furthermore, at least one jurisdiction has held that a statute similar in substance to section 25–1–11 applied to real property. *See Jamison v. Mississippi Valley Trust Co.*, 207 S.W. 788, 789 (Mo.1918) (construing former Mo.Rev.Stat. § 2880 (1909): "While this statute mentions only personal property, the principle announced applies to real estate as well."). We think that such an interpretation is the better-reasoned approach and furthers the avowed purpose of the statute: to prevent a person from using a trust as a device by which she can continue to use and enjoy her property to the detriment of her creditors. *Leach*, 535 P.2d at 1243. This interpretation is also consistent with the bulk of authority on the subject which, as mentioned, makes no distinction between real and personal property.

Accordingly, this court disavows the dicta of *Geary* and finds that section 25–1–11 applies to real and personal property alike. We affirm the lower court's decision invalidating the trust as to personal property and reverse its decision exempting real property.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.

---

**4.** *See, e.g.,* 37 Am.Jur.2d *Fraudulent Conveyances* § 28 (1968); 2A Austin W. Scott & William F. Fratcher, *The Law of Trusts* § 156 (4th ed. 1987); George G. Bogert & George T. Bogert, *The Law of Trusts and Trustees* § 223 (rev. 2d ed. 1992 repl. vol.).