510 P.2d 526

**Don L. DOCKSTADER, Plaintiff
and Respondent,**

v.

**Hy WALKER and Westland Hills Country
Club, a Utah corporation, Defend-
ants and Appellants.**

No. 13014.

Supreme Court of Utah.

May 29, 1973.

Allan T. Howe, of Howe & Howe, Murray, for defendants and appellants.

Sumner J. Hatch, of Hatch, McRae & Richardson, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The respondent, hereinafter called plaintiff, was employed by the corporate defendant to serve for one year as its golf professional at a salary of $4,200 per year, payable at the rate of $350 per month. In addition, he was to have certain other emoluments including the profits from a pro shop which was to be under his direction. The last paragraph of the contract of employment read: "This contract will be re-negotiated annually but will terminate twelve months from date unless earlier re-negotiated."

The corporate defendant, a nonprofit organization, by the end of the year was in financial difficulty. The appellant, Walker, was president of the corporation and notified the plaintiff that his contract would not be renegotiated but that he could continue working as the golf pro on a month-to-month basis. Later, plaintiff was told that his salary would be stopped and he could earn commissions on the sale of memberships in the club as well as profits from the operation of the pro shop.

In his complaint the plaintiff claimed that his contract was renegotiated orally and that the corporation and Walker were each liable to him for $3,050.45. Paragraph 1 of the complaint states:

The corporate defendant is a non-profit corporation running a golf course in Salt Lake County. Hy Walker is the owner of the land on which the golf course is situate, and has run the club as a business for and on behalf of himself during the period herein alleged.

The trial court awarded judgment to the plaintiff against Walker only based upon a finding of fact as follows:

That at all times concerned herein defendant Hy Walker was the alter ego of defendant Westland Hills Country Club and was in full control of the Club and golf course and was actually acting for and on his own behalf.

**372**

The issue presented by this appeal is whether the evidence given at trial sustains the finding that the defendant Hy Walker was the alter ego of Westland Hills Country Club. In connection therewith it should be noted that it is our duty to sustain the ruling of a trial court where there is competent evidence to sustain it.[1]

The evidence upon which plaintiff must rely to prove alter ego is:

(A) Walker was president of a corporation which sold to the corporate defendant pursuant to a uniform real estate contract the land which was used as a golf course and country club.

(B) Walker was also president of the corporate defendant.

(C) The corporate defendant failed as a going concern, and the selling corporation repossessed the land when the payments under the contract were not made.

(D) The following excerpt from the testimony of plaintiff:[2]

Q Now, during this period—I mean, what was the conversation between you and Mr. Walker on that date?

\* \* \* \* \* \*

A He stated that, "We have decided to terminate you." When he said, "we," I asked who "we" was. And I said, "Has the Board of Directors become aware of this? Who do you mean by 'we?'" And he says, "I am the Board of Directors."

As opposed to this evidence are the following facts clearly established by the evidence:

(A) The contract of employment was in writing and was with the corporate defendant.

(B) The corporate defendant had a board of directors which met regularly.

(C) The plaintiff worked under the direction of the board of directors.

(D) The corporate defendant paid plaintiff for services rendered.

(E) There were several stockholders in defendant corporation, of which Walker and Bagley were the principal ones.

In addition thereto, the amount of stock owned by the stockholders was not given in evidence nor was the amount of stock owned by Walker in the corporation which sold and repossessed the land. Also, the plaintiff neither alleged nor proved any fraud or wrongdoing on the part of Walker.

Ordinarily a corporation is regarded as a legal entity, separate and apart from its stockholders. However, the corporate veil which protects stockholders from liability for the debts of the corporation will be pierced and the true relationship between

1. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961); DeVas v. Noble, 13 Utah 2d 133, 369 P.2d 290 (1962).

2. Walker denied making the statement.

the stockholders and the corporation looked at where the legal entity is used to perpetrate a fraud, to justify a wrong, or to defeat justice.[3]

 The term "alter ego" is used to describe a situation where the courts go behind the corporate entity and hold a stockholder liable for the debts of the corporation or to hold that it is the stockholder and not the corporation which owns the assets.

 The doctrine is generally applied to situations known as "one-man corporations," i. e., where one man owns practically all of the stock, either directly or through others who hold it for his use and benefit, and where the stockholder uses the corporation as a shield to protect him from debts or wrongdoings. It cannot be applied to make a stockholder liable for the legitimate debts of a corporation unless he is so closely allied with the corporation through ownership and management as to enable the courts to see clearly that the corporate entity is but a sham and it is the stockholder who is doing business behind the corporate shield.[4]

 In the instant matter it is not shown that Walker owns a majority of the stock of either corporation of which he was president. It clearly appears that he acted under and pursuant to the action of a board of directors. There is no claim of any fraud of any nature and no evidence to show fraud. The trial court never found fraud or any wrongdoing on the part of Walker.

We are unable to find in the record of this case those elements which would justify the trial court in holding the appellant liable for the debts of the corporate defendant. The judgment is, therefore, reversed. Costs are awarded to the appellant.

CALLISTER, C. J., and CROCKETT, HENRIOD and TUCKETT, JJ., concur.

---

3. Geary v. Cain, et al., 79 Utah 268, 9 P.2d 396 (1932).

4. 19 C.J.S. Corporations § 839, p. 264; 18 Am.Jur.2d, Corporations § 15.