William H. DAHL, T.O. Nance, Peter
Malukas, Leighton Jaeger, and
Edgardo Contini, Plaintiffs,

v.

Paul N. GARDNER, Norman Larsen,
and Probe, Inc., a Utah corporation,
Defendants.

Civ. No. C–83–1347W.

United States District Court,
D. Utah, C.D.

March 27, 1984.

David J. Jordan, Jeffrey E. Nelson, Salt Lake City, Utah, for plaintiffs.

Charles C. Brown, Jeffrey B. Brown, Salt Lake City, Utah, for defendants.

WINDER, District Judge.

This matter is before the court on defendants' motion to dismiss or alternatively for a more definite statement. Neither party has requested oral argument. After reviewing the memoranda, the complaint and pertinent authorities, the court renders the following decision and order.

This action arises from the sale of limited partnership interests in two Utah limited partnerships. The complaint alleges that plaintiffs purchased interests in connection with a first offering in September, 1980, and in connection with a second offering in June and September, 1981. The complaint alleges causes of action arising from each offering based on sections 5, 12(1) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77e, 77l (1), 77o, Section 10 of the Securities Exchange Act of 1934, *id.* § 78j, and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5, the Utah Uniform Securities Act, Utah Code Ann. § 61–1–7, –22 (Supp.1983), the California Securities Law, Cal.Corp.Code §§ 25110, 25120, 25130, 25401, 25501, common law fraud, breach of contract and breach of fiduciary duty. Plaintiffs also seek an accounting of part-

nership assets. Defendants' motion requests dismissal of claims 1–6 and 12–17 on the grounds that they are barred by the applicable statutes of limitations. Further, defendants contend that claims 4–7, 8 and 15–19 fail to state a claim for fraud and should be dismissed, or alternatively the court should order a more definite statement of the fraud claims. Finally, defendants move for the dismissal of claim 22 on the grounds that it fails to state a sufficient factual basis for the claim against defendant Probe, Inc. and that the claim improperly alleges the alter ego doctrine.

## I.  *Statute of Limitations*

The first issue raised by defendants' motion is whether claims 1–6 and 12–17 are barred by the applicable limitations statutes. Because several limitations provisions are involved, the court will address each one separately.

### A.  *Section 12(1) of the 1933 Act*

Plaintiffs have alleged in their first and twelfth causes of action that defendants sold them unregistered securities in violation of sections 5, 12(1) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77e, 77*l* (1), 77*o*. Section 12(1) of the 1933 Act prohibits the offer or sale of a security unless a registration statement is in effect pursuant to section 5. Section 15 provides that certain controlling persons are liable to the same extent as any person liable under section 12.

Section 13 of the 1933 Act dictates that an action under section 12(1) must be brought within one year after the violation upon which the action is based but in no event more than three years from the date the security was offered to the public. *See id.* § 77m. Defendants argue that the section 12(1) claims are barred because they were not brought within one year of the violations. Plaintiffs contend that the claims are timely because defendants fraudulently concealed the alleged violations by stating to the plaintiffs that the limited partnership interests were exempt from registration.

The doctrine of equitable tolling relied on by plaintiffs is "read into every federal statute of limitations." *Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); *see Esplin v. Hirschi,* 402 F.2d 94, 103 (10th Cir.), *cert. den.,* 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969). The doctrine "is grounded in the fraudulent concealment of the harm which gives rise to the right to sue," *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1043 n. 7 (10th Cir.1980), and provides that the limitations period does not begin to run "until the fraud is or should have been discovered," *Vanderboom v. Sexton,* 422 F.2d 1233, 1240 (8th Cir.), *cert. den.,* 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970). The equitable tolling doctrine has been applied in section 12(1) cases with facts like those alleged here. *See, e.g., Houlihan v. Anderson-Stokes, Inc.,* 434 F.Supp. 1319 (D.D.C.1977).

Plaintiffs' equitable tolling argument, however, fails to distinguish the separate issues raised by each of the causes of action based on section 12(1). The twelfth cause of action is based on alleged violations that occurred in June and September, 1981, within three years prior to the commencement of this action.[1] On the other hand, the first cause of action is based on alleged violations that occurred in September, 1980, more than three years prior to the commencement of this action. Although some courts have applied the equitable tolling doctrine to the three-year limitation in section 13, *see, e.g., In re Home-Stake Production Co. Securities Litigation,* 76 F.R.D. 337, 344–45 (N.D.Okl.1975), most courts have concluded that Congress meant the three-year bar to be absolute. *See, e.g., Securities and Exchange Commission v. Seaboard Corp.,* 677 F.2d 1301, 1308 (9th Cir.1982); *Summer v. Land & Leisure, Inc.,* 664 F.2d 965, 968 (5th Cir. 1981), *cert. den.,* 458 U.S. 1106, 102 S.Ct. 3484, 73 L.Ed.2d 1367 (1982); *Benoay v. Decker,* 517 F.Supp. 490, 496 (E.D.Mich. 1981).

---

**1.**  *Plaintiffs' complaint was filed on December 9,*   1983.

In *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036 (10th Cir.1980), the Tenth Circuit held that a three-year limitations period in the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 171(1), which was patterned after and contains language nearly identical to section 13, was absolute and could not be tolled with evidence of fraudulent concealment. *See id.* at 1042–43. The *Aldrich* court further concluded that evidence that the defendants had induced the plaintiffs to forego suit once the basis for the action was known might create an equitable estoppel preventing the defendants from asserting the statutory limitation. *See id.* at 1043 n. 7; *accord Darms v. McCulloch Oil Corp.*, 720 F.2d 490, 494 (8th Cir.1983). This court agrees with the reasoning in *Aldrich* and concludes that the three-year limitation in section 13 is absolute, although a defendant may be equitably estopped from asserting the limitation.

Paragraph eighteen of plaintiffs' complaint states:

Defendants and each of them fraudulently concealed the violation of the Securities Act complained in this cause of action by falsely stating to offerees and purchasers of said securities that said securities were exempt from registration.

That allegation is expressly couched in terms of fraudulent concealment. Plaintiffs have not alleged that the defendants induced them to forego suit *after* the basis for the action was known and therefore the allegation in no way can be construed as alleging equitable estoppel. Thus, the first cause of action, which is based on an alleged violation that occurred more than three years prior to this action, must be dismissed. The dismissal will be without prejudice and plaintiffs will be granted leave to amend the complaint to allege the elements of equitable estoppel if the facts so warrant.

Finally, the court notes that compliance with section 13 is an essential element of the rights created under section 12, and is therefore a substantive rather than a procedural matter. Accordingly, a plaintiff must affirmatively allege facts indicating that the action has been brought timely. *See, e.g., Hagert v. Glickman, Lurie, Eiger & Co.*, 520 F.Supp. 1028, 1033 (D.Minn.1981); *Rochambeau v. Brent Exploration, Inc.*, 79 F.R.D. 381, 384 (D.Colo. 1978). The twelfth cause of action merely contains a conclusory assertion of fraudulent concealment identical to that in the first cause of action. The twelfth claim must, therefore, also be dismissed without prejudice. Plaintiff will be granted leave to amend the complaint to plead sufficient facts to demonstrate conformity with the statute of limitations.[2]

### B. *Section 10(b) and Rule 10b–5*

Defendants next contend that the fourth and fifteenth causes of action based on section 10(b) of the Securities Exchange Act and Rule 10b–5 are time barred. Because there is no federal statute of limitations applicable to 10(b) actions, federal courts must apply state law in determining the timeliness of claims brought under that section.

It is well-settled that the applicable fraud limitations period under both Utah and California law is three years after the plaintiff discovered, or should have discovered, the alleged fraud. *See United California Bank v. Salik*, 481 F.2d 1012, 1014–15 (9th Cir.), *cert. den.*, 414 U.S. 1004, 94 S.Ct. 361, 38 L.Ed.2d 240 (1973); *Brown v. Producers Livestock Loan Co.*, 469 F.Supp. 27, 30 (D.Utah 1978). Defendants argue, however, that the three-year period is inappropriate in this action because plaintiffs' fourth and fifteenth causes of action do not sound in fraud but merely allege technical violations of the 1934 Act. Instead, defendants contend that the two-year statute found in Utah Code Ann.

---

**2.** Of course the same required specificity would also apply to any amendment to the first cause of action.

§ 61–1–22(b)(5) (Supp.1983) applies barring the 10(b) claims.

After reviewing the allegations in the fourth and fifteenth causes of action, the court concludes that the claims clearly sound in fraud and that the three-year limitations period is applicable.[3] Accordingly, the fifteenth cause of action based on the 1981 sales is plainly within the three-year period. The fourth cause of action, which is based on the 1980 sales, was not brought within the three-year period; however, it would be premature on this 12(b)(6) motion to conclude that plaintiffs discovered or should have discovered the fraud more than three years before this action was commenced. As the court observed in *Brown v. Producers Livestock Loan Co.*, 469 F.Supp. 27 (D.Utah 1978), the fraud statute of limitations involved here "almost always presents a question of fact as to when plaintiff did discover or should have discovered the defendants' wrongdoing and therefore seldom lends itself to summary disposition." *Id.* at 30.[4] Defendants' motion to dismiss must therefore be denied as to the fourteenth and fifteenth causes of action.

## C. *State Securities Laws*

■ The remaining claims that defendants have moved to dismiss on limitations grounds are based on alleged violations of California and Utah securities laws. The second, third, thirteenth and fourteenth causes of action allege violation of registration requirements. *See* Cal.Corp.Code §§ 25110, 25120, 25130; Utah Code Ann. § 61–1–7, –22 (Supp.1983). The fifth, sixth, sixteenth and seventeenth causes of action are based on alleged violations of anti-fraud provisions. *See* Cal.Corp.Code §§ 25401, 25501; Utah Code Ann. § 61–1–22(1)(b) (Supp.1983).

The applicable limitations periods are two years from the contract of sale for the Utah claims, *see id.* § 61–1–22(b)(5), three years for the alleged California registration violations, *see* Cal.Code Civ.P. § 338, and one year after discovery, but not more than four years after the act or transaction for the California fraud claims, *see* Cal.Corp. Code § 25506. Applying these periods to the facts of this case, defendants' motion to dismiss as to fourteenth cause of action may be summarily denied. The California registration violation alleged in that claim occurred within three years prior to the commencement of this action. As to alleged 1980 California registration violation and the Utah claims, plaintiffs have alleged fraudulent concealment sufficient to survive this 12(b)(6) motion.[5] Finally, the California fraud claims are within the four-year period and a determination of whether or not plaintiffs knew or should have known of the alleged violations more than one year prior to the commencement of this action would be premature at this time. Accordingly, defendants' motion to dismiss on limitations grounds as to the second, third, thirteenth and fourteenth causes of action must be denied.

## II. *Sufficiency of Fraud Allegations*

Defendants' motion also seeks to dismiss claims 4–8, and 15–19, for failure to state

---

**3.** In any event courts have applied fraud statutes of limitations even in the face of contentions that the particular 10(b) action was not grounded in fraud. *See, e.g. Mitchell v. Texas Gulf Sulphur Co.*, 446 F.2d 90, 103–4 (10th Cir. 1971), *cert. den.*, 404 U.S. 1004, 92 S.Ct. 564, 30 L.Ed.2d 558 (1972).

**4.** In *Richards v. Mileski*, 662 F.2d 65 (D.C.Cir. 1981), the D.C. Circuit made a similar observation that is appropriate here:

There is an inherent problem in using a motion to dismiss for purposes of raising a statute of limitations defense. Although it is true that a *complaint sometimes discloses* such defects on its face it is more likely that the plaintiff can raise factual setoffs to such an affirmative defense .... [A] responding party often imposes an undue burden on the trial court and impedes the orderly administration of the lawsuit when he relies on a motion to dismiss to raise such an affirmative defense. *Id.* at 73 (footnote omitted).

**5.** *See supra* note 4. For Utah cases adopting the fraudulent concealment doctrine, see, e.g., *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981); *Vincent v. Salt Lake County, Utah*, 583 P.2d 105 (Utah 1978); *Rice v. Granite School District*, 23 Utah 22, 456 P.2d 159 (1969). For California cases, see, e.g., *Bollinger v. National Fire Ins. Co.*, 25 Cal.2d 399, 154 P.2d 399, 406 (1944). *See also Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773, 598 P.2d 45, 54, 157 Cal.Rptr. 392 (1979).

the fraud allegations with sufficient particularity under Rule 9(b) of the Federal Rules of Civil Procedure. Alternatively defendants move for a more definite statement.

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). That particularity requirement must be read in conjunction with the general principles of notice pleading set forth in Rule 8, which requires "a short and plain statement of the claim" for relief. Fed.R. Civ.P. 8(a). In striking a balance between those two rules, Wright and Miller note: "Perhaps the most basic consideration in making a judgment as to the sufficiency of a pleading is the determination of how much detail is necessary to give adequate notice to an adverse party and enable him to prepare a responsive pleading." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1298 (1969).

█ In this case, plaintiffs' complaint states in detail the alleged misrepresentations and omissions. Moreover, the complaint states the time of the alleged fraud, the persons involved and the facts and transactions underlying the fraud. The complaint certainly provides sufficient detail to give notice of the alleged fraud to the defendants to enable them to prepare an answer. The motion to dismiss the fraud claims under Rule 9(b) or alternatively for a more definite statement must therefore be denied.

### III. Damages For Negligent Misrepresentation

The eighth and nineteenth causes of action allege negligent misrepresentation in the sales of the partnership interests and demand damages as the remedy. Defendants have moved to dismiss those claims on the ground that rescission is the only available remedy for negligent misrepresentation.

█ Defendants' argument is without merit. As with other actions for negli-

gence, damages are an appropriate remedy for negligent misrepresentation. *See, e.g., Johnson v. Bell,* 666 P.2d 308 (Utah 1983); W. Prosser, *The Law of Torts* § 110, at 731 (4th ed. 1971). Defendants have cited no authority that takes a contrary position. Accordingly, defendants' motion to dismiss must be denied as to the eighth and nineteenth causes of action.

### IV. Claim Against Probe, Inc.

The twenty-second cause of action alleges that Probe, Inc. ("Probe") aided and abetted the individual defendants in the alleged unlawful activities. Further, the claim alleges that Probe is the alter ego of defendant Paul N. Gardner. Defendants have moved to dismiss the claim against Probe on two grounds. First, defendants argue that the complaint insufficiently alleges the factual basis of the aiding and abetting allegation. Second, defendants contend that the alter ego doctrine cannot be applied to hold a corporation liable for the acts of an individual.

#### A. Aiding and Abetting

█ The principle that an aider and abettor may be liable for a securities law violation has been established by judicial interpretation. *See, e.g. Edwards & Hanly v. Wells Fargo Securities Clearance Corp.,* 602 F.2d 478 (2d Cir.1979), *cert. den.,* 444 U.S. 1045, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980); *Monsen v. Consolidated Dressed Beef Co.,* 579 F.2d 793 (3rd Cir.), *cert. den.,* 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978); *Stern v. American Bankshares Corp.,* 429 F.Supp. 818 (E.D. Wis.1977). The elements of a cause of action for aiding and abetting are: "(1) the existence of an independent primary wrong; (2) actual knowledge by the alleged aider and abettor of the wrong and of his or her role in furthering it; and (3) substantial assistance in the wrong." *Harmsen v. Smith,* 693 F.2d 932, 943 (9th Cir.), *cert. den.,* — U.S. ——, 104 S.Ct. 89, 78 L.Ed.2d 97 (1982); *see Investors Research Corp. v. SEC,* 628 F.2d 168, 178 (D.C.Cir.), *cert. den.,* 449 U.S. 919, 101 S.Ct. 317, 66 L.Ed.2d 146 (1980); *IIT v. Cornfeld,* 619

**1268**

F.2d 909, 922 (2d Cir.1980). Similar elements are necessary to impose liability on persons acting in concert with a tortfeasor under general tort law. *See* Restatement (Second) of Torts § 876 (1979).

 Plaintiffs' complaint alleges that Probe aided and abetted the individual defendants "in all of the unlawful acts complained of herein." Complaint ¶ 108. Plaintiffs, however, offer no further specificity regarding Probe's involvement. Indeed, the complaint does not allege even the elements of aiding and abetting. Under Rule 9(b) the twenty-second cause of action must therefore be dismissed without prejudice for lack of specificity. Plaintiffs will be granted leave to amend the complaint to allege with more specificity the requisite elements of aiding and abetting, which of the alleged wrongs Probe is claimed to have substantially assisted, and the general factual nature of Probe's involvement. Such specificity is necessary to enable defendants to prepare a response.

### B. *The Alter Ego Doctrine*

The alter ego doctrine is generally applied to disregard the corporate entity and hold an individual liable for the corporation's obligations where equity so requires. *See e.g., Norman v. Murray First Thrift & Loan Co.*, 596 P.2d 1028 (Utah 1979) (stating alter ego elements); *Dockstader v. Walker*, 29 Utah 2d 370, 373, 510 P.2d 526 (1973) (stating usual application of the doctrine). However, contrary to defendants' assertions, the equitable alter ego doctrine may be applied in the "reverse" sense to disregard the corporation to reach corporate assets for the obligations of an individual. *See, e.g., In re Continental Mortgage Investors*, 5 B.R. 773, 795 (D.C.D.Mass.1980); *Honeywell, Inc. v. Arnold Construction Co.*, 134 Ariz. 153, 159, 654 P.2d 301 (App.1982); *Gude v. City of Lakewood*, 636 P.2d 691 (Colo. 1981); *Am Fac Mechanical Supply Co. v. Federer*, 645 P.2d 73 (Wyo.1982). Defendants' alter ego argument is therefore without merit.

### V. *Order*

For the reasons set forth herein, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss claims 1 and 12 is granted without prejudice;

2. Defendants' motion to dismiss claims 2–8 and 13–19 is denied;

3. Defendants' motion to dismiss claim 22 is granted without prejudice as to the aiding and abetting allegation and denied as to the alter ego allegation;

4. Defendants' alternative motion for a more definite statement is denied; and

5. Plaintiffs are granted leave to amend claims 1, 12 and 22 of their complaint to conform with this decision.