Alan R. COOK and Ray
Cook, Plaintiffs,

v.

ZIONS FIRST NATIONAL BANK, Roy
W. Simmons, John Langeland, F. Ed-
ward Bennett, and Noall Bennett, De-
fendants.

Civ. No. C–85–0362W.

United States District Court,
D. Utah, C.D.

Aug. 6, 1986.

John T. Walsh, Earl S. Spafford, L. Charles Spafford, Salt Lake City, Utah, for plaintiffs.

Adam M. Duncan, R. Willis Orton, Salt Lake City, Utah, for defendants.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on the defendants' motion to dismiss and for Rule 11 sanctions. A hearing on the motion was held on Friday, August 1, 1986. John T. Walsh represented the plaintiffs; and Adam M. Duncan and R. Willis Orton represented the defendants. At the conclusion of the hearing, the court took the matter under advisement. The court has reviewed and considered carefully the parties' oral arguments and memoranda, including pertinent authorities cited therein. Now being fully advised, the court renders the following memorandum decision and order.

### Discussion

Defendants have moved to dismiss plaintiffs' claims in their Proposed Third Amended Complaint (hereinafter referred to as the "Complaint"), the operative pleading in this action. As the following discussion indicates, the court believes that each of plaintiffs' claims, except for the breach of contract claim against defendant Zions First National Bank ("Zions"), is fatally deficient and must be dismissed.

### First Cause of Action: Breach of Contract Claims

In their first cause of action (Counts I and II), plaintiffs claim that they entered into a contractual relationship with Zions or that a contract arose by operation of law; that Zions subsequently breached its contractual obligations; and that plaintiffs suffered substantial damages. Defendants contend that plaintiffs' breach of contract claims should be dismissed because no contract has been pleaded, because the statute of frauds and the statute of limitations bar recovery, and because plaintiffs have not pleaded damages cognizable for breach of contract.

The court is of the opinion that plaintiffs have sufficiently alleged breach of contract claims in their Complaint and damages caused thereby. The court is of the further opinion that several questions of fact need to be addressed in connection with the breach of contract claims, such as whether and to what extent a contract existed between the plaintiffs and Zions; whether Zions breached its contractual obligations; and whether plaintiffs were damaged by the breach. In addition, whether or not the statute of frauds or the statute of limitations bars recovery is subject to certain factual determinations (such as the date the alleged breach occurred) that are inappropriate at this stage of the proceedings.

In view of the foregoing, the court believes that it would be inappropriate to dismiss plaintiffs' first cause of action at this time.

### Second Cause of Action: Fraud and Deceit Claims

The court is of the opinion that plaintiffs' second cause of action should be dismissed because plaintiffs have again failed to plead its fraud and deceit claims with sufficient particularity. Although plaintiffs have had three tries to correct deficiencies in their complaint, plaintiffs' fraud allegations remain conclusory and legally insufficient. By not alleging fraud with specificity, plaintiffs have failed to comply with Rule 9(b), Fed.R.Civ.P., which states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See also Dahl v. Gardner*, 583 F.Supp. 1262 (D.Utah 1984). This particularity requirement is especially important in cases involving multiple defendants, such as the present case, since each defendant is entitled to know precisely what it is the plaintiff claims he did wrong. In the present case plaintiffs have yet to allege

specifically the factual bases upon which they charge each defendant with fraud. Plaintiffs have not set forth in specific terms the time, place, content, and manner of each defendant's alleged material misrepresentations or otherwise fraudulent conduct. And plaintiffs have not alleged that any specific defendant had specific intent to fraudulently misrepresent facts for the purpose of inducing plaintiffs to rely on the misrepresentations to their detriment.

Based on the plaintiffs' continued failure to comply with Rule 9(b), the court believes that plaintiffs' second cause of action should be dismissed with prejudice.

*Third Cause of Action: Claim for Injunction*

■ Even viewing the facts and inferences in a light most favorable to the plaintiffs, the court is of the opinion that plaintiffs have failed to state a claim for injunctive relief. Specifically, plaintiffs have failed to show that they will suffer irreparable injury unless they obtain injunctive relief at this time or that they do not have an adequate remedy of law. Further, plaintiffs have not yet shown a substantial likelihood or probability that they will eventually prevail on the merits of their claims. *Koerpel v. Heckler*, 797 F.2d 858 (10th Cir.1986). If plaintiffs can subsequently establish a need for an injunction and satisfy the requirements for obtaining one, they can come into court at that time and seek the appropriate redress. Plaintiffs' claim for injunction should therefore be dismissed without prejudice.

*Fourth Cause of Action: RICO and RICE Claims*

In their fourth cause of action, plaintiffs allege that defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(a)-(d), and the Utah Racketeering Influences and Criminal Enterprise Act ("RICE"), Utah Code Ann. § 76–10–1603. The court is of the opinion, however, that plaintiffs' RICO and RICE claims should be dismissed for failure to plead the claims with specificity

and for failure to plead the requisite "pattern of racketeering activity."

■ As mentioned above, Rule 9(b), Fed. R.Civ.P., requires that plaintiffs plead fraud with particularity. This requirement clearly applies to RICO and RICE claims that are premised on fraudulent conduct. Plaintiffs have attempted three times to correct the deficiencies in their complaint and plead their RICO and RICE claims with the requisite specificity. Plaintiffs have failed to do so. Plaintiffs' allegations of criminal conduct and a scheme or artifice to defraud or to obtain money and property by means of false or fraudulent pretenses are still conclusory and unsupported by specific factual allegations of fraud and criminal activity. Also, plaintiffs do not allege with any specificity how, when, and where each defendant actually committed fraud or participated in the alleged fraudulent scheme and criminal activity. Such detailed factual allegations are essential in RICO and RICE actions; each defendant must be specifically apprised of the fraudulent and criminal conduct in which plaintiffs claim he engaged. Furthermore, even taking the facts and inferences in the light most favorable to plaintiffs, this court believes that the facts, as pleaded, do not rise to the level of a scheme to defraud or the specific intent to commit fraud or theft by deception.

Additionally, plaintiffs have failed to plead a "pattern of racketeering activity," required to establish a RICO or RICE violation. In this regard, the court is of the opinion that a pattern of racketeering activity under RICO requires more than the mere commission of two or more predicate acts within ten years of each other. Similarly, a pattern of racketeering activity under RICE requires more than the mere commission of two or more episodes of racketeering conduct within five years of each other. To form a "pattern," the commission of predicate acts or episodes of criminality must be sufficiently continuous and interrelated. That is, a RICO or RICE "pattern" requires planned, ongoing, continuing crime and the threat of continuing

criminal conduct, as opposed to sporadic, isolated criminal episodes or events.

The Supreme Court, in footnote 14 of *Sedima, S.P.R.L. v. Imrex Co.,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), elaborated on the meaning of "pattern":

> As many commentators have pointed out, the definition of a "pattern of racketeering activity" differs from the other provisions in § 1961 in that it states that a pattern *"requires* at least two acts of racketeering activity," § 1961(5) (emphasis added), not that it "means" two such acts. The implication is that while two acts are necessary, they may not be sufficient.... The legislative history supports the view that two isolated acts of racketeering activity do not constitute a pattern. As the Senate Report explained: "The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of *continuity plus relationship* which combines to produce a pattern." S.Rep. No. 91–617, p. 158 (1969) (emphasis added). Similarly, the sponsor of the Senate bill, after quoting this portion of the Report, pointed out to his colleagues that "[t]he term 'pattern' itself requires the showing of a relationship.... So, therefore, proof of two acts of racketeering activity, without more, does not establish a pattern...." 116 Cong.Rec. 18940 (1970) (statement of Sen. McClellan). *See also id.,* at 35193 (statement of Rep. Poff) (RICO "not aimed at the isolated offender"); House Hearings, at 665. Significantly, in defining "pattern" in a later provision of same bill, Congress was more enlightening: "criminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commis-

sion, or otherwise are interrelated by distinguishing characteristics and are not isolated events." 18 U.S.C. § 3575(e). This language may be useful in interpreting other sections of the Act.

*See also Grant v. Union Bank,* 629 F.Supp. 570, 577 (D. Utah 1986) ("pattern of racketeering activity" is the main factor that distinguishes RICO from the underlying predicate acts and allows for treble damages sanctions). As *Sedima* suggests, the reality and threat of recurring interrelated criminal acts by the defendant are essential to establish that the defendant carried on a "pattern of racketeering activity." Otherwise, the continuity and relationship implicit in the concept of "pattern" would be meaningless.

▪ With *Sedima's* footnote 14 and the foregoing discussion in mind, the court has carefully reviewed plaintiffs' Complaint with respect to several important factors such as the nature and number of the predicate acts alleged, the role and duration of those acts, the nature of the scheme the predicate acts were designed to promote, the scheme's purpose and objectives, the actual and potential number of victims of the alleged criminal activity, the number of participants in the scheme, the potential for continued and recurring criminal activity, and whether the alleged scheme is part of a broader set of criminal objectives. Based on this review, the court is convinced that plaintiffs have failed to allege continuous and related racketeering activity on the part of the defendants or the threat of continuing criminal activity sufficient to constitute a "pattern of racketeering activity" within the meaning of RICO or RICE.[1] Instead, plaintiffs have alleged separate and isolated criminal events, limited in time and space, in connection with certain loan transactions involving plaintiffs' develop-

---

1. This court is of the opinion that the concept of "pattern" contemplates continuous, related episodes of criminal activity, not just multiple acts to promote the same isolated episode. Without such interrelated, ongoing episodes, there would be no "continuity plus relationship." The court notes that in this case plaintiffs have not alleged

the existence of a pervasive, continuous fraudulent scheme and criminal activity; multiple fraudulent schemes or multiple victims; or the threat of continuing related criminal activity by the defendants. Rather, plaintiffs have merely alleged acts in furtherance of a particular, isolated episode of criminality.

ment project. RICO and RICE sanctions are simply not aimed at this type of sporadic activity nor at the isolated offender.

For the reasons stated, plaintiffs' RICO and RICE claims, including those alleging conspiracy to violate 18 U.S.C. §§ 1962(a)–(c) and Utah Code Ann. § 76–10–1603, are wholly inadequate and should be dismissed with prejudice.

*Defendants' Motion for Rule 11 Sanctions*

Defendants requested an award of its costs and attorney's fees, alleging that plaintiffs have violated Rule 11, Fed.R. Civ.P., by continuing to file patently defective complaints. Although the court is dismissing each of plaintiffs' claims, except for the breach of contract claims against Zions, the court is of the opinion that plaintiffs' complaints were not filed in violation of the standards set forth in Rule 11.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to dismiss is granted with respect to each of plaintiffs' claims in the Proposed Third Amended Complaint except for the breach of contract claims against Zions. Specifically, plaintiffs' fraud and deceit claims, RICO claims, and RICE claims are dismissed with prejudice; and plaintiffs' claim for injunctive relief is dismissed without prejudice.

IT IS FURTHER ORDERED that defendants' motion for Rule 11 sanctions is denied.

This memorandum decision and order will suffice as the court's action on the motions; no further order need be prepared by counsel. Defendant Zions shall file a responsive pleading to plaintiffs' breach of contract claims within fifteen (15) days from the date of this order.