892 F.2d 82
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ADMIRAL CAPITAL VENTURE, I, LTD., a California Limited
Partnership, Plaintiff-Appellant,
v.
Michael PELCZARSKI, et al., Defendants,
and
Barry Ridings; Bear Stearns and Co., Defendants-Appellees.
ADMIRAL CAPITAL VENTURE, I, LTD., a California Limited
Partnership, Plaintiff-Appellant,
v.
Michael PELCZARSKI, Defendant-Appellee.
 Nos. 88-2639, 88-15594.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1989.
Decided Dec. 11, 1989.
 
 Before CHOY, ALARCON and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Admiral Capital Venture, I, Ltd. ("Admiral"), plaintiff, appeals the district court's summary judgment in favor of the defendants-appellees, Michael Pleczarski, Bear Stearns Co. ("Bear Stearns"), and Barry Ridings. Admiral's complaint alleged that Pelczarski, the Chairman of the Board and Chief Executive Officer of Mag-Media, Inc. ("Mag-Media"), made numerous misrepresentations regarding Mag-Media to induce Admiral to invest in Mag-Media. The complaint alleged common law fraud, negligent misrepresentation, securities fraud under both federal and California law, a violation to the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961-68 (1982) (West 1989) ("RICO"), and breach of fiduciary duty. We affirm in part, reverse in part, and remand.
 
 DISCUSSION
 I. PELCZARSKI
 
 3
 A. Section 12(2) Claim and California Corporations Code Claim
 
 
 4
 Admiral appeals the district court's decision that its claims under section 12(2) of the 1933 Act and its claims under Cal.Corp.Code § 25401 are barred by the applicable one year statute of limitations.[1]
 
 
 5
 Summary judgment as to these claims was proper. Nemetz' deposition testimony in the state litigation shows he had actual knowledge of the fraud in October 1985:
 
 
 6
 Q: Was October 1985 the first time that you received any information that suggested to you Mag-Media, Incorporated's financial condition had been misrepresented by Mr. Pelczarski?
 
 
 7
 A: (Nemetz): It is my conclusion that that was the first time I received information that indicated to me that information was being intentionally misrepresented.
 
 
 8
 Q: What was it about the information that you received at that time that caused you to conclude that the misrepresentation had been intentional?
 
 
 9
 A: When I reflected on the course of information I had received in the previous 11, 12 months, and the information that I received at that [October 5] meeting, I concluded that I felt I had information misrepresented to me regarding the profitability of the company, its sales level, the business that they were doing, and that it had been--the information, as I later reflected, had been delayed.
 
 
 10
 Since the action was filed on April 28, 1987, these claims were time-barred.
 
 B. Section 10(b) and Rule 10b-5 Claim
 
 11
 Section 10(b) makes it unlawful to "use or employ, in connection with the purchase or sale of any security ... any manipulative or deceptive device ... in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe...." 15 U.S.C. § 78j (b). Rule 10b-5 in turn makes it unlawful to employ any device to defraud, to misrepresent or omit mention of material facts, "in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5 (1988).
 
 
 12
 Only material misrepresentations afford recovery under the securities laws. A statement is material if "the existence or non-existence of the fact in question is a matter to which a reasonable [person] would attach importance in determining [a] choice of action." Casella v. Webb, No. 87-6234, slip op. 10113, 10117 (9th Cir. August 25, 1989) (quoting Admiralty Fund v. Hugh Johnson & Co., 677 F.2d 1301, 1306 (9th Cir.1982)). Thus, since a reasonable investor would not attach importance to information contradicted by the seller in a subsequent writing, such information is not material, and an investor who relies on it does not recover as a matter of law. Robinson v. Cupples Container Co., 513 F.2d 1274, 1277 (9th Cir.1975) (no reasonable investor would attach importance to seller's earlier statements when subsequent letter contradicted the statements).
 
 
 13
 We first turn to Admiral's $200,002 investment of May 1, 1984, following Pelczarski's misrepresentations of March or April of 1984.[2] Pelczarski's representations were not material, since they were contradicted by Mag-Media's Placement Memorandum. Section 10(b) and Rule 10b-5 do not provide Admiral with a remedy under these circumstances. We therefore affirm the district court's summary judgment in favor of Pelczarski as to the May 1, 1984 investment.
 
 
 14
 Admiral should, however, be allowed to submit to a trier of fact the issue of whether Pelczarski's second set of representations contained material information, and whether Admiral's reliance was reasonable. This set of representations induced Admiral's second and third investments on August and September 1985 by suggesting Admiral could buy the shares of dissident directors at a low price, that Mag-Media was close to entering major agreements with other corporations, and that Mag-Media would go public. Pelczarski did not supply Admiral with any document negating these representations. A reasonable jury could conclude that the representations were material and that Admiral's reliance was reasonable under those circumstances. Accordingly, we reverse the district court's summary judgment as to Admiral's second and third investments of August and September 1985.
 
 
 15
 C. Relitigation of the State Law and RICO Claims
 
 
 16
 Admiral's amended complaint in state court alleged a state law cause of action for common law fraud and a RICO violation. The injury alleged was Admiral's investment following Pelczarski's second set of representations. Admiral pursued that action to final judgment. Admiral's subsequent federal complaint also alleges common law fraud and a RICO violation, but adds state claims for negligent misrepresentation, securities fraud under section 25401 of the California Corporations Code, and breach of fiduciary duty. The complaint is based on both sets of Pelczarski's representations. The district court dismissed the claims, reasoning state law compelled Admiral to bring all state law and RICO claims before the state court.
 
 
 17
 We must give a state court judgment the same res judicata effect as would be given that judgment by the courts of the state which rendered the judgment. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). In California, a valid final judgment serves as a bar to further actions on the same cause of action. Slater v. Blackwood, 15 Cal.3d 791, 795, 126 Cal.Rptr. 225, 226, 543 P.2d 593, 594 (1975) (en banc). A cause of action is defined as "the invasion of one primary right," and "is based upon the harm suffered, as opposed to the particular theory asserted by the litigant." Id., see also Frommhagen v. Board of Supervisors, 197 Cal.App.3d 1292, 1299-1300, 243 Cal.Rptr. 390, 395 (1987). Thus, "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." Slater, 15 Cal.3d at 795, 126 Cal.Rptr. at 226-27, 543 P.2d at 594-95.
 
 
 18
 We conclude that Admiral's state law and RICO claims are barred insofar as they are based on Pelczarski's second set of representations. The injuries stemming from those representations were the subject of Admiral's state court action. Admiral's federal complaint does no more than assert alternative theories of relief for the same harm alleged and pursued to judgment in the state court. These claims are therefore barred in this action.[3]
 
 
 19
 The result is different with respect to the state law and RICO claims arising from Admiral's first investment following Pelczarski's first set of representations. The injury giving rise to these claims was not alleged in the state action. Pelczarski argues that these claims should also be barred because the first set of misrepresentations was mentioned in Admiral's answer to an interrogatory. This by itself is not relevant for res judicata purposes. Given that the first set of representations were not made the express basis of relief in the state action, any claims arising from those representations can only be barred if the resulting injury, i.e., the first purchase, can be construed as part of the same injury which formed the basis of the state litigation, i.e., the second and third purchases. Only then could we say that Admiral should have presented all the claims it raises before us in the previous state litigation, and bar their litigation here.
 
 
 20
 Pelczarski, however, makes no showing that Admiral's injury from Pelczarski's first set of representations is part of the injury alleged in the state complaint. The first set of representations resulted in Admiral's purchase of Mag-Media shares on May 1, 1984. The second set of representations resulted in purchases in August and September 1985. Considering Admiral's first purchase was made at a different time and stemmed from different representations than the other two purchases, we conclude that the first purchase constitutes a discrete harm giving rise to a claim independent from the harm occasioned by the second set of representations. Admiral's state law and RICO claims alleging injury from the first purchase cannot therefore be barred as res judicata.
 
 
 21
 We reverse the district court's decision to dismiss Admiral's state law and RICO claims against Pelczarski relating to Admiral's first stock purchase. We refrain from discussing the merits of Admiral's claims partly because the parties have not briefed the issues on appeal, and partly because we believe the initial determination of the merits of the claims is best made by the district court. Accordingly, we remand with directions for the district court to consider whether summary judgment is proper as to these claims on grounds other than res judicata.
 
 D. Denial of Leave to Amend
 
 22
 Admiral's original complaint in federal court named Pelczarski, Bear Stearns, and Barry Ridings as defendants. The district court first granted summary judgment for Bear Stearns and Barry Ridings. Admiral then moved to amend the complaint to add Polaroid Corporation as a defendant, other Mag-Media shareholders as plaintiffs, and several more causes of action. The court denied the motion.
 
 
 23
 At that time, since Pelczarski had filed its answer to the complaint, Admiral could amend its complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). We review the denial of a leave to amend for abuse of discretion. Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1313 (9th Cir.1984).
 
 
 24
 The court acted within its discretion when it denied the leave to amend. Admiral contends that Mag-Media's other shareholders were defrauded, and so should be given the opportunity to sue Pelczarski. However, Admiral points to nothing in the record showing why the other shareholders could not sue Pelczarski directly. On the other hand, their addition here would certainly have caused delay. Admiral also fails to point to any portion of the record which would suggest that Polaroid was in any way connected to the sale of securities which is the basis of the complaint.
 
 II. BEAR STEARNS
 
 25
 Admiral does not contend that Bear Stearns ever had any direct contact with Admiral. Nevertheless, the federal complaint named Bear Stearns as a defendant in almost every claim.[4] The district court granted summary judgment as to all federal claims on the ground that Bear Stearns did not participate in the sales of securities which were the basis of Admiral's complaint.[5] The district court also awarded Bear Stearns $19,000 pursuant to Rule 11 as sanctions against Admiral. On this appeal, Bear Stearns requests damages and double costs for a frivolous appeal. See Fed.R.App.P. 38.[6]
 
 
 26
 A. Section 12(2) Claim and California Corporations Code Claim
 
 
 27
 As discussed with reference to Admiral's section 12(2) claims against Pelczarski, Nemetz' testimony during the state litigation makes it clear that Nemetz became aware of the alleged section 12(2) violation more than one year before filing this action. The claims are clearly barred by the statute of limitations. See IA, supra.
 
 B. Section 10(b) and Rule 10b-5 Claims
 
 28
 Admiral contends that Bear Stearns is liable under section 10(b) and Rule 10b-5 because Admiral reasonably relied on documents prepared by Bear Stearns to make investments. Specifically, the documents are: (1) a March 23, 1984 letter, in which Bear Stearns requests confirmation of the terms of a sales agent relationship and praises Mag-Media's performance to date, and (2) Bear Stearns' Private Placement Summary.
 
 
 29
 We affirm the summary judgment in favor of Bear Stearns. First, the Placement Summary purports to be a summary of Mag-Media's Private Placement Memorandum. Assuming, without deciding, that any information in the Placement Summary does not reflect the Placement Memorandum, the Placement Summary's cover page explicitly cautions that investors should not rely on the Placement Summary, but should rely on Mag-Media's Placement Memorandum. The information contained in the Placement Summary is therefore not material. See discussion under IB, supra. We therefore hold that no reasonable jury could conclude that Admiral's reliance on the Placement Summary was reasonable.
 
 
 30
 Admiral also claims to have relied on Bear Stearns' letter of March 23, 1984, to make its investments. The letter outlines the terms of a sales agreement and requests Pelczarski's signature as confirming his understanding of those terms. Pelczarski never signed the letter. We are confident that a reasonable investor would not attach importance to such an unsigned letter, especially considering that the Placement Memorandum specified the nature of the relationship between Mag-Media and Bear Stearns. Thus, the information contained in the March 23, 1984 letter is also not material. Summary judgment in favor of Pelczarski was proper as to this issue.
 
 C. RICO
 
 31
 Admiral argued before the district court that there was an issue of fact as to whether Barry Ridings, a principal of Bear Stearns who purchased stock in Mag-Media and became a director of Mag-Media, was a "control" person in Mag-Media and therefore liable for Mag-Media's alleged racketeering activity. 15 U.S.C. § 78t(a) (1982). Liability would be fastened upon Bear Stearns on a theory of respondeat superior.
 
 
 32
 Overlooking the fact that Ridings became a director of Mag-Media only after Admiral's first purchase, Admiral's RICO claim fails as a matter of law. "A director is not automatically liable as a controlling person. There must be some showing of actual participation in the corporation's operation or some influence before the consequences of control may be imposed." Burgess v. Premier Corp., 727 F.2d 826, 832 (9th Cir.1984) (quotation omitted). Ridings declared that he was an outside director uninvolved with Mag-Media's day-to-day operations, who did not have contact with Admiral. Admiral makes no showing in the record that Ridings participated in Mag-Media's operation. Admiral thus failed to carry its burden of producing "specific facts showing that there is a genuine issue for trial" with respect to its RICO claim against Bear Stearns and Barry Ridings. See Fed.R.Civ.P. 56(e); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[7]
 
 III. BARRY RIDINGS
 
 33
 Admiral alleged in the federal complaint that Ridings stood in a fiduciary relationship to Admiral, and that he breached his fiduciary duties to Admiral by failing to disclose Mag-Media's financial solvency. This argument has no merit. Assuming a fiduciary relationship existed, there was no failure to disclose. The Private Placement Memorandum informed Admiral of the financial position of Mag-Media, and clearly stated that the company's plans were contingent on raising sufficient capital through the private offering. Moreover, Admiral points to no evidence substantiating its allegation that Ridings knew or should have known that the offering would not raise the desired capital. Summary judgment in favor of Ridings was proper.
 
 
 34
 IV. SANCTIONS RELATING TO ADMIRAL'S CLAIMS AGAINST BEAR STEARNS AND BARRY RIDINGS
 
 A. Rule 11 Sanctions
 
 35
 Rule 11 interprets an attorney's signature to a pleading as a certification that "the signer has read the pleading ... [and] that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law" or arguable modification of existing law. Fed.R.Civ.P. 11. The district court imposed Rule 11 sanctions upon Admiral after finding that Admiral's section 12(2) claim was frivolous, and that the Bear Stearns defendants had not participated in any material way in the sale of securities to Admiral.
 
 
 36
 A district court's findings of fact regarding an order imposing sanctions are reviewed for clear error, but its conclusions as to whether the specific conduct violated Rule 11 are reviewed de novo. Stewart v. American Int'l Oil & Gas Co., 845 F.2d 196, 200 (9th Cir.1988). An objective standard of reasonableness is applied to determinations of frivolousness. Id. at 201.
 
 
 37
 The section 12(2) claim and the claim under section 25401 of the California Corporations Code were frivolous. The import of Nemetz' deposition testimony in the state litigation, that he became aware that he was the victim of misrepresentations as of October 1985, made it evident that the actions were barred by the undisputed applicable statute of limitations.
 
 
 38
 The RICO claim against Ridings and Bear Stearns was also frivolous. There is no basis in fact to argue that Ridings was a control person and therefore responsible for Mag-Media's alleged securities fraud. We affirm the Rule 11 sanctions based on the frivolousness of these claims.
 
 B. Sanctions on Appeal
 
 39
 Characterizing the present appeal as frivolous, Bear Stearns requests that this court award it damages and double costs. Fed.R.App.P. 38. Bear Stearns contends the appeal is baseless because Admiral appeals the district court's entire judgment, which includes the decision that no private right of action exists under section 17 of the 1933 Act, and the decision that Admiral presents no evidence to substantiate Bear Stearns alleged involvement in the sale of securities to Admiral.
 
 
 40
 An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit. DeWitt v. Western Pac. R.R. Co., 719 F.2d 1448, 1451 (9th Cir.1983).
 
 
 41
 Several of Admiral's assignments or error are wholly without merit. Admiral should not have appealed the district court's decision regarding the section 12(2) claims, and the claims under section 25401 of the California Corporations Code. In light of Admiral's deposition testimony in the state litigation, the claims were clearly barred by the statute of limitations. The RICO claim against Ridings and Bear Stearns is also wholly without merit for lack of a factual foundation. Finally, there was no merit to Admiral's argument that it reasonably relied on the March 23, 1984 letter to establish reasonable reliance.
 
 
 42
 We also agree with Bear Stearns and Ridings that Admiral frivolously appealed the district court's decision on the section 17 claim for purposes of awarding sanctions.[8] Admiral's opening brief does not include discrete arguments as to each claim but instead simply argues that its claims are factually and legally supported. Nothing in the brief indicates that Admiral's general argument did not apply to the section 17 claim. It was only after Bear Stearn and Ridings raised the issue of frivolousness in their appellee's brief that Admiral informed Bear Stearns and Ridings that it was not appealing the decision on the section 17 claim. Reply Br. at 2. However, to the extent Admiral's opening brief led Bear Stearns and Ridings to argue that the section 17 claim is without merit, the claim should be considered frivolous, because the briefs should "clearly ... advise the opposite party of the points he is obliged to meet." Hamblen v. County of Los Angeles, 803 F.2d 462, 465 (9th Cir.1986) (quoting Thys Co. v. Anglo Cal. Nat'l Bank, 219 F.2d 131, 133 (9th Cir.), cert. denied, 349 U.S. 946 (1955)).
 
 
 43
 Nevertheless, because not all of Admiral's assignments of error are meritless, we do not grant Bear Stearns and Riding damages and double costs. Bear Stearns and Ridings are entitled to attorneys fees and single costs.
 
 CONCLUSION
 
 44
 We reverse the district court's summary judgment on Admiral's section 10(b) and Rule 10b-5 claim relating to Admiral's purchases of securities following Pelczarski's second set of representations, and we remand to allow Admiral to submit to the trier of fact the issue of whether the representations were material and whether Admiral's reliance on those representations was reasonable. We also reverse the district court's dismissal of Admiral's state law and RICO claims relating to Admiral's first purchase of securities as res judicata, and remand with instructions for the district court to consider whether summary judgment is appropriate on other grounds. We affirm the district court in all other respects. Bear Stearns and Ridings are entitled to attorneys fees and single costs on appeal.
 
 
 45
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 15 U.S.C. § 77m (1982) provides the statute of limitations for actions brought under section 12(2):
 No action shall be maintained to enforce any liability created under ... [section 12(2) ] unless brought within one year after the discovery of the untrue statement ... or after such discovery should have been made by the exercise of reasonable diligence....
 In California, the applicable limitations period for violations to section 25401 is four years from the fraud or one year from discovery of the fraud. Bowden v. Robinson, 67 Cal.App.3d. 705, 715-16, 136 Cal.Rptr. 871, 878-79 (1977); see also Dahl v. Gardner, 583 F.Supp. 1262, 1266 (C.D.Utah 1984).
 
 
 [2]
 Pelczarski made two sets of alleged misrepresentations to Admiral. The first set, occurring sometime in March or April 1984, led Admiral to invest $200,002 on May 1, 1984. The second set of representations occurred after May 1, 1984, and led Admiral to invest $112,500 in August and September 1984
 
 
 [3]
 We note that Admiral's section 10(b) and Rule 10b-5 claim discussed in the previous section, though based on Pelczarski's second set of representations, is not likewise barred under the doctrine of res judicata. Jurisdiction over the section 10(b) and Rule 10b-5 claim lies exclusively in the federal courts. 15 U.S.C.A. § 78aa (West Supp.1989). California does not preclude a plaintiff from subsequently raising a claim arising from the same injury if the original court did not have jurisdiction over that claim. See Eichman v. Fotomat Corp., 759 F.2d 1434, 1437 (9th Cir.1985)
 
 
 [4]
 Pelczarski and Barry Ridings were the only named defendants as to the claim for breach of fiduciary duty
 
 
 [5]
 The one exception was the section 17(a) claim, with respect to which the district court granted summary judgment on other grounds. That holding was not appealed
 
 
 [6]
 Fed.R.App.P. 38 provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."
 
 
 [7]
 We do not discuss Admiral's state law claims against Bear Stearns and Barry Ridings. The district court dismissed all these pendent claims against Bear Stearns and Barry Ridings for lack of jurisdiction. Admiral's failure to discuss or make any reference to that decision on appeal leads us to conclude that the issue is not before us
 
 
 [8]
 It is undisputed that an appeal relating to Admiral's section 17 claim would be frivolous. After Admiral filed its complaint, we held that no private remedy exists under section 17. In re Washington Pub. Power Supply Sys. Sec. Litigation, 823 F.2d 1349, 1358 (9th Cir.1987) (en banc). The only issue in this case is whether the district court's decision relating to Admiral's section 17 claim was appealed at all